[No. B023173. Second Dist., Div. Five. Feb. 11, 1987.]

SAM BROWN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. B023227. Second Dist., Div. Five. Feb. 11, 1987.]

DANIEL MIDDLETON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. B023230. Second Dist., Div. Five. Feb. 11, 1987.]

WARREN SCOTT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Enda Brennan and John Hamilton Scott, Deputy Public Defenders, for Petitioners.

No appearance for Respondent.

James K. Hahn, City Attorney, William N. Sterling and Debbie Lew, Deputy City Attorneys, for Real Party in Interest.

OPINION

EAGLESON, J.—Petitioners in these consolidated proceedings are charged with misdemeanor violations of the Vehicle Code.[1] In each case, when the defense announced ready for trial, the People were granted a continuance to a date beyond the statutory time limits set forth in Penal Code section 1382,[2] because they had been unable to subpoena the arresting officer, a material witness. The People revealed that they had not attempted to subpoena the officer until the first date set for trial, and that the officer could not be subpoenaed at that time because he was on vacation. Petitioners correctly contend that the People did not make a showing of "due diligence" sufficient to demonstrate good cause for any of the continuances, and therefore each case must be dismissed pursuant to section 1382.

FACTS

The procedural history of each case is the same. Each petitioner was arraigned and pleaded not guilty, at which time the municipal court set his case for trial within the statutory time limits of section 1382. Petitioner Middleton was arraigned while in custody on June 6, 1986. The latest date

---

[1]Petitioners Brown and Middleton are charged with driving under the influence of alcohol and/or drugs and driving with a blood alcohol percentage of 0.10 or higher. (Veh. Code, § 23152, subds. (a) and (b).) Petitioner Scott is charged with violating the above sections, as well as Vehicle Code sections 14601.1, subdivision (a) (driving with a suspended or revoked license) and 12500, subdivision (a) (driving without a valid driver's license).

[2]The pertinent language of section 1382 provides that "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . .

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment. . . ." Statutory references are to the Penal Code unless otherwise indicated.

on which the case could be tried was July 7, 1986, and trial was set for June 25, 1986, more than a week before that date. Petitioner Brown was arraigned while not in custody on May 27, 1986; the last day for trial was July 11, 1986, and trial was set for July 1, 1986. Petitioner Scott was arraigned while not in custody on May 21, 1986; the last day for trial was July 7, 1986, and trial was set for June 25, 1986.

In each case, the defense announced ready for trial on the appointed date. The People moved for a short continuance (still within the statutory time limits), and their request was granted. On the continued date, the People filed a written motion to continue the trial beyond the statutory time limits, contending that the arresting officer, a material witness, was unavailable to testify because he was on vacation.

In their memorandum of points and authorities accompanying the motion, the People alleged that they had been "unable" to serve the officer. The motion was accompanied by a declaration executed by a Los Angeles Police Department court liaison officer, who alleged, on information and belief, that the officer in question was a material witness in the case, was "required by departmental regulations to take his vacation at a time set by his Commanding Officer," and that the commanding officer had "ordered" the witness to take his vacation during a certain period of time, within which the trial date fell. The liaison officer further stated that the officer/witness "has been out of the Los Angeles Judicial District and has not been available for service. The People attempted to contact said officer by telephone at home, but were unable to reach him." The declaration concluded by setting forth the date on which the officer would be available to testify. The declaration was signed under penalty of perjury by the liaison officer. A signature line for the "Divisional Watch Commander" was left blank.[3]

At the hearing on each motion, the People disclosed that it was the "custom and habit" of the Los Angeles City Attorney's office not to subpoena police officers until the defense announced ready for trial, "[b]ecause until the defense announces ready, we don't have a realistic trial date and rather than have officers come in and wait in the waiting room and just leave without anything going on, we try to wait and not waste their time or the taxpayers' money and have them come down for no reason." In fact, this system worked efficiently most of the time, since a police officer could be subpoenaed and produced at trial on one or two days' notice. In the majority of cases, the People could subpoena the officer when the defense announced ready for trial and still be prepared to try the case within the time limits set forth in section 1382.

---

[3]In one of the declarations, submitted in the case of petitioner Brown, the People failed to complete the declaration by inserting the name of the vacationing officer/witness.

If, as in the present cases, the officer was on vacation or otherwise unavailable to testify, the People would follow the procedure utilized here and request a continuance, which requests were apparently granted routinely.[4]

When the People's requests for continuances were granted, each of the petitioners herein filed a motion to dismiss, which was denied in each case. In a similar case, the office of the public defender sought and received a writ of mandate from the appellate department of the superior court. Buoyed by this result, the public defender sought a writ of mandate in each case where the defendant's motion to dismiss had been denied. However, different results ensued depending upon which of the appellate department's three-judge panel reviewed the petition. Inconsistent results were produced in cases with almost identical facts. We therefore granted the within petitions in order to provide the consistency of decision which was lacking from the appellate department of the superior court. (See Code Civ. Proc., § 911.)

## Discussion

The Legislature has declared that both the People and the defendant in a criminal case have the right to an expeditious disposition of the case, "and to that end it shall be the duty of all courts and judicial officers and of all counsel, both for the prosecution and the defense, to expedite these proceedings to the greatest degree that is consistent with the ends of justice." (§ 1050, subd. (a).) Whether sought by the prosecution or the defense, continuances in criminal cases may be granted only upon a showing of good cause. (§ 1050, subd. (b).) ▉▉ When a claim of "good cause" is based upon the need for additional time to secure the attendance of witnesses, the moving party must show to the court's satisfaction that (1) it has exercised due diligence in an attempt to secure the attendance of the witness at trial by legal means, (2) the expected testimony is material, (3) it is not merely cumulative, (4) it can be obtained within a reasonable time, and (5) the facts to which the witness will testify cannot otherwise be proven. (*Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 251 [168 Cal.Rptr. 466, 617 P.2d 1098], citing *People* v. *Wilson* (1965) 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267].) ▉▉ The People did not make an adequate showing of "good cause" in any of the within cases.

The People's scant showing of "due diligence" consisted of a statement, in their points and authorities, that they had been "unable to serve" the witness. No details were given as to what efforts had been made to serve the

---

[4]The routine nature of this procedure is evidenced by the fact that both the points and authorities and the declaration submitted by the People are preprinted, with a blank space available for the officer's name. We stress that we have no objection to preprinted forms, the use of which is compelled by the sheer volume of cases processed in municipal court. What we do take issue with, as we explain later in this opinion, is the *contents* of the forms.

subpoena. ██ ██ The only "facts" submitted to the municipal court were contained in a declaration made upon information and belief and not upon personal knowledge. The declaration was therefore not competent evidence to establish the "facts" contained therein. (*Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721].)

The declaration commences with a statement that "Officer _____ is a material witness in the above entitled case now set for trial on _____ and if sworn in said case will testify substantially as follows: Officer _____ administered the field sobriety tests and the GCI to the defendant and read defendant the chemical admonition. That the aforesaid testimony of said witness is essential to a proper prosecution of said case." Such information is useless for evidentiary purposes when provided by a police department court liaison officer upon information and belief. Statements about the materiality of the witness's testimony would more appropriately be provided in a declaration executed upon personal knowledge by the prosecutor in the case, the individual most qualified to determine whether the absent officer's testimony is material and whether or not the prosecution of the case could proceed without him.[5]

Many of the remaining evidentiary problems posed by the declaration of the court liaison officer could be solved if the officer provided only information as to which he had personal knowledge. Presumably, this would include the dates of the absent officer's vacation and the date of his return.

The most significant failing of the People's showing of due diligence, the "attempt to secure the attendance of the witness at trial by legal means," cannot be rectified without a change in policy on the part of the city attorney. We are not unsympathetic to the city attorney's goal of keeping law enforcement officers on the streets and avoiding a situation where the officer makes repeated trips to court only to find that the trial at which he is to testify has been continued at the request of the defense. However, as these cases amply illustrate, such a practice is not without its risks; where, as here, a continuance has been granted based upon an inadequate showing of good cause, the fundamental right of the defendant to a speedy trial has been violated. (*Owens* v. *Superior Court, supra,* 28 Cal.3d 238.)

The time to ascertain the availability of a police officer/witness is not on the date set for trial, but at the time the trial date is set. More likely than not, a new trial date can be selected which both protects the defendant's speedy trial rights and accommodates the schedule of the police officer. Peti-

---

[5]It would require little extra effort to substantiate by way of such a declaration that the officer's testimony is "not merely cumulative."

tioners' counsel, the public defender, represented to this court at oral argument that such compromise is routine in a majority of the municipal courts staffed by the public defender's office. As evidence of the public defender's willingness to compromise, counsel stressed that his office was "not trying to keep police officers from taking vacations."

This opinion is addressed solely to the problems inherent in the Los Angeles City Attorney's practice of waiting until the "eleventh hour" to subpoena police officers for trial. We do not make any determination as to whether the officer's vacation, in and of itself, is sufficient to warrant a continuance of trial beyond the statutory time limits set forth in section 1382. The determination of whether an adequate showing of good cause has been demonstrated must be made on a case-by-case basis, based upon a number of factors *including* the "prior commitments of all witnesses, including police officers." (§ 1050, subd. (g).)[6] In the present cases, the inadequate showing made by the People compels dismissal under section 1382.

Let a peremptory writ of mandate issue directing the respondent court to vacate its orders dated September 22, 1986, in (Super. Ct. L.A. County, 1986, No. C-609843), (Super. Ct. L.A. County, 1986, No. C-609840), and (Super. Ct. L.A. County, 1986, No. C-609841), denying the petition for writ of mandate in each case, and enter a new and different order granting each such petition.

Feinerman, P. J., and Hastings, J., concurred.

---

[6]One such factor which a court might consider is whether one party has made any effort to accommodate the other's schedule.