[Civ. No. 49135. Second Dist., Div. Three. Sept. 22, 1976.]

HERMAN CUNNINGHAM, Petitioner, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

154

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Steven K. Hauser and Maitland Montgomery, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Burt Pines, City Attorney, Ward G. McConnell and James M. Hodges, Deputy City Attorneys, for Real Party in Interest.

## OPINION

**COBEY, J.**—Petitioner, Herman Cunningham, asks this court to compel, through the issuance of the appropriate extraordinary writ, respondent court to dismiss the criminal action against him pending in that court for the alleged commission of two misdemeanors (Veh. Code, § 42002) (drunk driving, Veh. Code, § 23102, subds. (a) (c); driving while unlicensed, Veh. Code, § 12500) on the ground that he has been denied, *without good cause,* his right to a speedy trial as provided in Penal Code section 1382, subdivision 3.

This subdivision, insofar as it applies to this case, provides that an action must be dismissed if a defendant in a misdemeanor case in an inferior court (who is not in custody at the time of his arraignment) is either not brought to trial within 45 days after such arraignment; or where he requests or consents to trial on a date beyond the prescribed period, is not brought to trial on that date or within 10 days thereafter.

In this case, petitioner, free from custody, was arraigned on February 4, 1976, and thereafter consented to trial on April 5, 1976. On this date, on motion of a deputy city attorney and over his objection, his trial was continued to May 25, 1976. This motion was supported by a declaration of the arresting officer, executed on March 29, 1976, that the officer could testify to all the facts contained in his arrest report but that his commanding officer had ordered him to take his vacation from April 2, 1976 to May 18, 1976, and that therefore he would be out of the County of Los Angeles on a vacation trip during that period.[1]

On May 6, 1976, petitioner moved to dismiss the case on the ground of lack of a speedy trial. The trial court denied the motion. Since petitioner both objected to the date set for trial and then filed a timely motion to dismiss, he did not waive his right to a speedy trial. (See *People* v. *Wilson,* 60 Cal.2d 139, 144-145, 146 [32 Cal.Rptr. 44, 383 P.2d 452].)

■ The question presented is whether the contested continuance in the date of petitioner's trial beyond the period permitted by the subdivision was made for "good cause." Generally, the postponement of the trial of an alleged misdemeanant beyond the period specified in the

---

[1]According to the docket sheet of respondent court, its minutes for April 5, 1976, do not contain, as Penal Code section 1050 requires, an entry of the foregoing facts offered in justification of the continuance.

subdivision over that individual's objection for the sole purpose of serving the convenience of the People's witnesses may not defeat that individual's constitutional right (see Cal. Const., art. I, § 15) to a speedy trial.[2] (*Pickett* v. *Municipal Court,* 12 Cal.App.3d 1158, 1162 [91 Cal.Rptr. 315].) In this case, the People knew before their material witness left on his vacation that if he were permitted to do so he would then possibly be unavailable as a witness at the trial on April 5. They, therefore, should have placed him under subpoena forthwith.[3] (See *Caputo* v. *Municipal Court,* 184 Cal.App.2d 412, 419 [7 Cal.Rptr. 435].) Moreover, all that the officer's declaration established was that he would be outside the County of Los Angeles on his vacation trip. He said nothing therein as to whether he would then be outside the state. In view of this omission, it is quite possible that he could have been ordered to attend petitioner's trial as a witness. (See Pen. Code, § 1330.)[4]

Let a peremptory writ of mandate issue commanding respondent court to grant petitioner's motion to dismiss the action pending therein against him, entitled People v. Herman Cunningham and numbered 876018.

Ford, P. J., and Allport, J., concurred.

A petition for a rehearing was denied October 8, 1976, and the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied November 18, 1976.

---

[2]Prejudice to the accused from the violation of this constitutional right is presumed. (*Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699].)

[3]We realize that, in the interest of ongoing cooperation between the office of the Los Angeles City Attorney and the Los Angeles Police Department, the city attorney does not wish to inconvenience arresting police officers by insisting that they testify at criminal trials occurring when they would otherwise be on vacation. This untoward result may easily be avoided by cross-referencing trial and vacation schedules.

[4]To constitute "good cause" under the aforementioned Penal Code section 1382, subdivision 3, the People must show due diligence in securing the attendance of their material witnesses. (See *People* v. *Buckley,* 116 Cal. 146, 153 [47 P. 1009].)