[No. G032339. Fourth Dist., Div. Three. Jan. 26, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL SHANE, Defendant and Appellant.

## COUNSEL

Deborah A. Kwast, Interim Public Defender, Kevin Phillips, Assistant Public Defender, and Donald E. Landis, Jr., Deputy Public Defender, for Defendant and Appellant.

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, J.**—This case comes to us on certification from the appellate division of the superior court to decide two unsettled questions of law: (1) whether a trial court's due diligence determination in the context of a defendant's right to a speedy trial is subject to independent review or is limited to review for abuse of discretion; and (2) whether, as a matter of law, the prosecution was required to subpoena a key witness more than four days before trial in a misdemeanor case to show due diligence, and thus good cause for the delay, when the trial date could have been advanced to an earlier date, rather than continued, had the witness been subpoenaed sooner.

We conclude abuse of discretion is the proper standard of review where the right to a speedy trial is solely predicated on the provision requiring a trial within a prescribed number of days under Penal Code section 1382 and in the absence of any affirmative showing of prejudice implicating a federal constitutional speedy trial right. We further conclude that issuing a subpoena four days before the initial trial date in a misdemeanor

case does not, as a matter of law, establish a lack of due diligence simply because, in hindsight, the trial date conceivably could have been advanced, rather than continued, to accommodate the witness's schedule. Defendant raises a third issue concerning the insufficiency of the evidence to support his conviction for driving with a restricted license. Because the appellate division reversed that conviction, we need not discuss the issue, and we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Michael Shane was arrested on April 29, 2002 and entered a not guilty plea the next day to charges of driving under the influence of alcohol (count 1) and driving with a blood-alcohol level of .08 percent or more (count 2). A third count for driving with a restricted license was later added. All three counts constitute misdemeanor offenses. Because defendant was being held in custody, the case was subject to being dismissed if he was not brought to trial within 30 days of entering his plea. (Pen. Code, § 1382, subd. (a)(3).) The initial trial date was set for May 20.

On May 16, the district attorney served, or attempted to serve, the arresting officer with a subpoena ordering his appearance at trial on May 20. It was then discovered that the officer could not appear on that date because he was scheduled to be on military leave from May 20 to May 30 and then on vacation from May 31 to June 4. The People moved to continue the trial and defendant objected. The court continued the trial until May 28, a date requested by defendant.

On May 28, the People again moved to continue the trial beyond the statutory 30-day time limit, citing the officer's unavailability. Finding that was good cause, the court continued the trial to June 10, and defendant was released from custody on his own recognizance. On May 31, defendant moved to dismiss the case, contending his speedy trial right had been violated; the motion was denied.

On June 10, 11 days past the statutory time limit, defendant appeared for trial and submitted on the police report. The court found him guilty on all three counts, imposed a suspended sentence, and placed him on informal probation for three years. Defendant appealed to the appellate division which concluded the trial court did not abuse its discretion in granting a continuance beyond the 30-day time limit. But it did reverse the conviction on count 3 (driving on a restricted license) for insufficient evidence.

Defendant petitioned for rehearing and, in the alternative, requested certification to this court. He contended in part that the appellate division applied

the wrong standard in reviewing whether the trial court erred in granting a continuance. He further questioned the level of due diligence which must be shown before a trial can be continued beyond the time limit prescribed by Penal Code section 1382. The appellate division denied the petition for rehearing but granted the application for certification. We subsequently ordered the case transferred to this court.

## DISCUSSION

### The Proper Standard of Review

The parties dispute the standard of review of an order finding good cause for a continuance under Penal Code section 1382, subdivision (a) in light of the section's intent to safeguard a fundamental constitutional right (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206]). This requires us to harmonize *People v. Memro* (1995) 11 Cal.4th 786, 852–853 [47 Cal.Rptr.2d 219, 905 P.2d 1305], which enunciated an abuse of discretion standard, with *People v. Cromer* (2001) 24 Cal.4th 889, 891–898 [103 Cal.Rptr.2d 23, 15 P.3d 243], which requires independent review of a determination of the unavailability of a witness under Evidence Code section 240, subdivision (a).

Under Penal Code section 1382, subdivision (a)(3), "unless good cause to the contrary is shown," the trial court is required to dismiss the action "when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea . . . ." Citing *People v. Memro, supra,* 11 Cal.4th 786, the appellate division held that "[r]ulings on the existence of good cause for a continuance under [Penal Code section] 1382 [, subdivision (a)] are reviewed under an abuse of discretion standard." It then went on to find that the trial court did not abuse its discretion by granting the People's motion to continue or by denying defendant's motion to dismiss.

In *Memro*, after the trial court granted defense counsel's motion to continue the case, the defendant, acting in propria persona, moved to dismiss the case for lack of a speedy trial; the motion was denied. On appeal the defendant argued that the judgment should be reversed on state law grounds. In concluding the motion to continue had been properly granted, the California Supreme Court stated, "We review a decision to grant continuances under [Penal Code] section 1382 for an abuse of discretion. [Citation.]" (*People v. Memro, supra,* 11 Cal.4th at p. 852.)

Six years later, the California Supreme Court was asked to decide the standard of review applicable to "evaluating a trial court's due diligence

determination" in ruling on the admissibility of an unavailable witness's prior testimony under Evidence Code section 240, subdivision (a)(5). (*People v. Cromer, supra,* 24 Cal.4th 889.) The defendant there argued his fundamental constitutional right under the Sixth Amendment to confront witnesses had been violated when the trial court admitted the prior testimony of an unavailable witness. The defendant argued the prosecution failed to exercise due diligence to secure the witness's presence at trial.

The court found a conflict in the law as to the standard of review of a determination of the prosecution's due diligence in attempting to locate a missing witness. After analyzing United States Supreme Court cases applying independent review to mixed questions of fact and law involving Fourth and Fifth Amendment violations, the court concluded "the proper standard is independent, de novo, review rather than the more deferential abuse of discretion test." (*People v. Cromer, supra,* 24 Cal.4th at p. 893.) The court further noted that its conclusion "comport[ed] with [its] usual practice for review of mixed question [of fact and law] determinations affecting constitutional rights. [Citations.]" (*Id.* at pp. 901–902.)

█ On the surface, *Memro* and *Cromer* appear to be in conflict. But closer examination reveals that is not the case. The defendant in *Memro* challenged the trial court's decision to grant a continuance under state law, not on federal constitutional grounds. (*People v. Memro, supra,* 11 Cal.4th at p. 852.) Thus, contrary to the district attorney's assertions, *Memro* does not necessarily control where review of a due diligence determination also implicates a fundamental constitutional right. Rather, the standard of review of an order finding good cause for a continuance under Penal Code section 1382 arguably turns on whether a defendant's speedy trial contention rises to the level of a constitutional claim or merely asserts a statutory violation. While it appears *Cromer* may be construed as supplying the standard of review for due diligence findings involving fundamental constitutional rights, any such conclusion on our part would be merely dicta because defendant's speedy trial claim in this case is wholly a creature of statute.

It is well settled that a speedy trial is a fundamental constitutional right. (*Barker v. Wingo* (1972) 407 U.S. 514, 515–516 & fn. 2 [33 L.Ed.2d 101, 92 S.Ct. 2182]; *People v. Johnson* (1980) 26 Cal.3d 557, 566, fn. 6 [162 Cal.Rptr. 431, 606 P.2d 738].) Under the federal Constitution, the right attaches upon either an arrest with continuing restraint or the filing of a complaint charging a misdemeanor. (*People v. Martinez* (2000) 22 Cal.4th 750, 764–765 [94 Cal.Rptr.2d 381, 996 P.2d 32].) To evaluate a federal constitutional speedy trial right claim, the United States Supreme Court has established a four-part balancing test comprised of the "[l]ength of delay, the

reason for the delay, the defendant's assertion of his [or her] right, and prejudice to the defendant." (*Barker v. Wingo, supra,* 407 U.S. at p. 530, fn. omitted.)

But the statutory right to be tried on a misdemeanor complaint within 30 days under Penal Code section 1382 "cannot properly be termed 'fundamental' . . . ." (*Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619].) "Being of statutory origin, a defendant's rights under section 1382 are 'merely supplementary to and a construction of the Constitution. [Citations.]' [Citation.] They do not carry the force or weight of constitutionally mandated imperatives. In this connection . . . it [is] significant that the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial '. . . can be quantified into a specified number of days or months.' [Citation.]" (*Townsend v. Superior Court, supra,* 15 Cal.3d at pp. 781–782; see also *People v. Martinez, supra,* 22 Cal.4th at p. 766 ["The statutory speedy trial provisions . . . are 'supplementary to and a construction of' the state constitutional speedy trial guarantee"].)

■   Penal Code section 1382 has been described as "a legislative endorsement of dismissal as a proper judicial sanction for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than [the statutorily prescribed number of] days is prima facie in violation of a defendant's constitutional right." (*Sykes v. Superior Court* (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90], fn. omitted.) That said, it is nevertheless axiomatic that a violation of Penal Code section 1382 does not automatically result in a concomitant violation of the federal constitutional right to a speedy trial.

The most noteworthy distinction between a statutory speedy trial violation and a federal constitutional speedy trial violation is that, in most cases, the former entitles a defendant charged with a misdemeanor to dismissal if there is no good cause for the delay, while the latter simply entitles the defendant to a new trial. (Pen. Code, §§ 1382, subd. (a)(3), 1387, subd. (a).) "In cases of misdemeanor, the denial of a speedy trial is deemed to be prejudicial in view of the provision in Penal Code section 1387 that an order of dismissal under section 1382 is a bar to any other prosecution for the same offense if it is a misdemeanor. [Citations.]" (*Pickett v. Municipal Court* (1970) 12 Cal.App.3d 1158, 1162 [91 Cal.Rptr. 315].) In contrast, dismissal for a violation of a defendant's speedy trial right will be constitutionally compelled "[o]nly if, after performing the 'difficult and sensitive balancing process' outlined in *Barker,* the court determines the prejudicial effect of the delay on a defendant outweighs any justification for the delay . . . . [Citations.]" (*People v. Egbert* (1997) 59 Cal.App.4th 503, 510 [68 Cal.Rptr.2d 913].)

Although defendant contends his federal constitutional right to a speedy trial was violated, he bases his argument solely on the statutory requirement under Penal Code section 1382 that the case was required to be dismissed since he was not brought to trial within 30 days. This simply does not implicate a fundamental constitutional right; it merely states a statutory claim. As such, the appellate division properly relied on *People v. Memro, supra,* 11 Cal.4th 786, in applying an abuse of discretion standard of review to the trial court's due diligence determination.

*Due Diligence*

Defendant contends that, as a matter of law, the prosecution was required to subpoena a key witness more than four days prior to the initial trial date to satisfy the due diligence requirement for a continuance under Penal Code section 1382, subdivision (a)(3). This is premised on defendant's argument that earlier discovery of the witness's unavailability could have permitted the trial date to be advanced. We find no basis for imposing such a requirement.

A continuance may be granted "upon a showing of good cause" and "only for that period of time shown to be necessary by the evidence . . . ." (Pen. Code, § 1050, subds. (e) & (i).) To show good cause based on the unavailability of a material witness, the party seeking the continuance must demonstrate due diligence in attempting to secure the witness's presence for trial. (*Owens v. Superior Court* (1980) 28 Cal.3d 238, 250–251 [168 Cal.Rptr. 466, 617 P.2d 1098]; *Brown v. Superior Court* (1987) 189 Cal.App.3d 260, 264 [234 Cal.Rptr. 416]; *Pickett v. Municipal Court, supra,* 12 Cal.App.3d at pp. 1162–1163.)

The record shows the prosecutor first learned of the arresting officer's unavailability when it attempted to serve him four days before the initial trial date. Service was attempted in compliance with Penal Code section 1328, which provides for service by electronic means upon the officer's immediate superior or designated agent and allows such person to reject the subpoena if received less than five working days before the hearing date or if the person determines the officer cannot be timely served. (Pen. Code, § 1328, subds. (c), (e), & (f).)

Penal Code section 1328 does not mandate service within a set number of days before a witness may be compelled to appear in court. To the contrary, it is evident the Legislature anticipated that service of a subpoena on a peace officer frequently may be on short notice and that there will be times when an officer will not be available either for service or to appear on the scheduled date. (*Ibid.*) The statute provides immunity from liability for the person receiving the subpoena on behalf of a peace officer where short notice

precludes its timely delivery or compliance with the subpoena. Moreover, we assume that had the Legislature intended that the subpoena be served within a minimum number of days before the date set for compliance, it would have said so.

Nevertheless, relying on *Brown v. Superior Court, supra,* 189 Cal.App.3d 260, defendant proposes a rule that requires the prosecution to serve a subpoena on a peace officer who is a material witness as soon as the trial date is set to show good cause for a continuance based on the officer's unavailability. In *Brown,* the court did state, "The time to ascertain the availability of a police officer/witness is not on the date set for trial, but at the time the trial date is set. More likely than not, a new trial date can be selected which both protects the defendant's speedy trial rights and accommodates the schedule of the police officer." (*Id.* at p. 265.)

But the court also expressly limited its opinion "to the problems inherent in the Los Angeles City Attorney's practice of waiting until the 'eleventh hour' to subpoena police officers for trial." (*Brown v. Superior Court, supra,* 189 Cal.App.3d at p. 266.) The city attorney's office had a " 'custom and habit' . . . not to subpoena police officers until the defense announced ready for trial . . . ." (*Id.* at p. 263.) Although the court criticized this practice, it also found there had been an inadequate showing of good cause for a continuance. The prosecution merely stated it had been unable to serve the witness; there was no evidence to show why the witness could not be served, i.e., "the dates of the absent officer's vacation and the date of his return." (*Id.* at p. 265.)

Unlike *Brown,* nothing in the record here indicates the district attorney's office has a routine practice of waiting until the last few days before trial to subpoena peace officers or that, as a result, it habitually seeks continuances beyond the statutory time limits prescribed in Penal Code section 1382. The *Brown* court stated that, despite the practice of delaying service, good cause nonetheless could have been shown by presenting sufficient facts establishing the dates of and reasons for the officer's unavailability. It further stated, "[t]he determination of whether an adequate showing of good cause has been demonstrated must be made on a case-by-case basis . . . ." (*Brown v. Superior Court, supra,* 189 Cal.App.3d at p. 266.) Thus, upon close examination, *Brown* does not support the rule being urged by defendant.

Even if defendant had shown the existence of a practice similar to the one criticized in *Brown,* there were sufficient facts to support the trial court's finding of good cause to grant the continuance. The arresting officer was not available on the trial date, and he would not be available until after the expiration of the 30-day time limit for bringing defendant to trial. It is

entirely speculative that the trial date could have been advanced to accommodate the officer's schedule had the prosecutor attempted to serve the subpoena sometime earlier.

And it would be unreasonable to require the prosecutor to have anticipated the officer's lengthy absence. To hold otherwise would demand that prosecutors become clairvoyants. ■ Moreover, because a finding of good cause is by its nature fact intensive, it would be entirely arbitrary for us to require as a matter of law that a witness's availability be determined no later than a fixed number of days before the trial date for good cause to be shown. We therefore decline to do so.

## DISPOSITION

The appellate division's decision is affirmed. The case is remanded to the superior court for further proceedings consistent with the appellate division's affirmance of defendant's conviction on counts 1 and 2 and its reversal of his conviction on count 3.

Sills, P. J., and Fybel, J., concurred.

A petition for a rehearing was denied February 25, 2004 and appellant's petition for review by the Supreme Court was denied April 14, 2004.