[No. D045823. Fourth Dist., Div. One. June 1, 2005.]

STEVEN A. BAUSTERT, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven J. Carroll, County Public Defender, Kathleen Lee and Gary R. Nichols, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Michael J. Aguirre, City Attorney, Rupert A. Linley, Assistant City Attorney, and Steven K. Hansen, Deputy City Attorney, for Real Party in Interest.

**OPINION**

NARES, J.—Petitioner Steven A. Baustert asserts his misdemeanor trial was continued past the statutory speedy trial deadline set forth in Penal Code[1] section 1382, subdivision (a)(3)(A) (hereafter section 1382(a)(3)(A)) without good cause. We conclude that because no good cause existed for the continuance, Baustert's statutory right to a speedy trial was violated, and the action should have been dismissed. We therefore grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2004,[2] Baustert was charged with one count of battery on a peace officer in violation of sections 242 through 243, subdivision (b), and one count of resisting a peace officer in violation of section 148, subdivision (a)(1). Baustert was arraigned on June 25, released on his own recognizance, and he entered a general time waiver under section 1382(a)(3)(A). Baustert withdrew his general time waiver at the November 29 readiness hearing, and the court set trial for December 27.[3] Because Baustert withdrew

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] All further date references are to the year 2004 unless otherwise specified.

[3] While the minutes for the November 29 readiness hearing erroneously show that Baustert's general time waiver remained in effect, a transcript of the hearing shows that Baustert did, in fact, withdraw his time waiver at that time.

his general time waiver on November 29, he had a right under section 1382(a)(3)(A) to be brought to trial by December 29.[4]

On December 1 the People subpoenaed San Diego Police Officer Turi, the arresting/investigating officer and one of the officers who Baustert allegedly failed to obey and resisted, for appearance at trial on December 27. However, Officer Turi became unavailable for trial due to vacation plans, and the People withdrew the subpoena and issued a new one for January 3, 2005.

On December 8 the People moved to continue Baustert's trial date due to the unavailability of Officer Turi. In support of the motion Deputy City Attorney Kristin Beattie submitted a declaration stating: "1. I am a deputy city attorney and one of the attorneys for the Plaintiff. [¶] 2. Plaintiff respectfully moves the court to continue the jury trial set in Department 2 on December 27, 2004, at 8:15 a.m., due to the absence of San Diego Police Officer Turi, I.D. # 5797, a material witness. [¶] 3. Plaintiff has exercised due diligence in attempts to secure the attendance of the witness. Plaintiff issued the subpoena to the witness on December 1, 2004. [¶] 4. Notice of the witness' unavailability was received on December 6, 2004. [¶] 5. The testimony of the witness is material and necessary to prove the Plaintiff's case because she is the arresting/investigating officer and one of the officers who Defendant failed to obey and resisted. [¶] 6. The witness is unavailable for the trial due to vacation from December 20, 2004, through December 29, 2004. [¶] 7. Plaintiff has complied with the notice requirements of Penal Code section 1050[, subdivision] (b)."

On December 14 Commissioner Lee C. Witham denied the motion to continue. On December 27, the date set for trial, the People brought a second motion to continue. The second motion was again based only on the December 7 declaration. Commissioner Witham again denied the motion, without prejudice, and sent the parties to the master calendar department to be assigned a trial judge.

---

[4] Section 1382(a)(3)(A) provides: "(a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (3) Regardless of when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later . . . . However, an action shall not be dismissed under this subdivision if any of the following circumstances exist: [¶] (A) The defendant enters a general waiver of the 30-day or 45-day trial requirement. A general waiver of the 30-day or 45-day trial requirement entitles the court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. *If the defendant, after proper notice to all parties, later withdraws his or her waiver, the defendant shall be brought to trial within 30 days of the date of that withdrawal. . . .*" (Italics added.)

The parties were sent to the master calendar department and appeared before Judge Peter C. Deddeh. The People brought a third motion to continue trial before Judge Deddeh. Tracy A. Rogers, the deputy city attorney, admitted to Judge Deddeh that the People had already released Officer Turi from the original subpoena and issued a new subpoena for January 3, 2005. Rogers also verified that the People had three other police officer witnesses available as witnesses for trial on December 27. Baustert opposed any continuance. Judge Deddeh granted the third motion to continue and "trailed" the trial to January 3, 2005.

In granting the motion, Judge Deddeh stated that he believed he had 10 days in which to trail the trial. He apparently based this assumption on the erroneous belief that Baustert's time waiver remained in effect, as stated in the minutes of the November 29 hearing. Alternatively, he justified the decision on a belief that "[u]nless there is a specific number of days that the defense has agreed to, the Penal Code section says that I have ten days to get the case out." Baustert's attorney, Deputy Public Defender Kathleen Lee, stated that the time waiver had been pulled at the November 29 hearing. However, Judge Deddeh responded, "[w]hether it was pulled or not, this is a—I'm not saying that he is waiving time until the 3rd. What I am saying is when he waived time until the 27th, that unless there is a specified number of days remaining, the code says that there is a ten day trailing period, whether a misdemeanor or a felony."

When the parties appeared on January 3, 2005, before Judge Deddeh for assignment to a trial judge, Baustert moved to dismiss the charges against him on the basis that there was no good cause shown to continue the trial date beyond December 27, and therefore his statutory right to a speedy trial was violated. At this hearing, Attorney Lee provided Judge Deddeh with a transcript of the November 29 hearing, showing that Baustert had in fact withdrawn his general time waiver. Notwithstanding this information, Judge Deddeh denied Baustert's motion to dismiss. He based his ruling on the ground that even though Baustert had pulled his general time waiver, the court still had a 10-day grace period in which to get the case to trial. Alternately, he stated that he believed there was good cause for a continuance based on Officer Turi's unavailability as a witness on December 27. Judge Deddeh also denied Baustert's request for a one-day stay to file a writ. Instead, he sent the case to Judge Howard H. Shore for trial. Judge Shore granted Baustert's request for a stay to file a writ in the appellate division, which Baustert filed on January 4, 2005. The appellate division issued a stay and requested a response to the writ petition, but ultimately denied the writ. The instant writ petition followed.

## DISCUSSION

### NO GOOD CAUSE EXISTED TO DELAY BAUSTERT'S TRIAL BEYOND THE STATUTORY DEADLINE

Baustert contends his trial was continued without good cause past the statutory speedy trial deadline set forth in section 1382(a)(3)(A). We conclude that because no good cause existed for the continuance, Baustert's statutory right to a speedy trial was violated, and the action should have been dismissed.[5]

### A. *Standard of Review*

■ A trial court's determination of good cause for a continuance in a statutory speedy trial case is reviewed for an abuse of discretion. (*People v. Shane* (2004) 115 Cal.App.4th 196, 203 [8 Cal.Rptr.3d 753] (*Shane*); *People v. Memro* (1995) 11 Cal.4th 786, 852–853 [47 Cal.Rptr.2d 219, 905 P.2d 1305].)

### B. *Statutory Right to a Speedy Trial*

■ Section 1382 provides statutory deadlines for bringing a criminal defendant to trial. If these deadlines are not met, and no good cause is shown, then a defendant has a statutory right to have the claims against him dismissed. (§ 1382; *Shane, supra,* 115 Cal.App.4th at p. 202.)

Section 1382 provides in part: "(a) The court, *unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:* [¶] . . . [¶] (3) Regardless of when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later . . . . However, an action shall not be dismissed under this subdivision if any of the following circumstances exist: [¶] (A) The defendant enters a general waiver of the 30-day or 45-day trial requirement. A general waiver of the 30-day or

---

[5] Even if the facts stated in the People's December 7 declaration had been sufficient to demonstrate good cause for the continuance, we would reach the same result. The declaration was made on information and belief and therefore did not provide competent evidence of the facts stated therein. (*Brown v. Superior Court* (1987) 189 Cal.App.3d 260, 265 [234 Cal.Rptr. 416].) "An affidavit based on 'information and belief' is hearsay and must be disregarded." (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721].)

45-day trial requirement entitles the court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. *If the defendant, after proper notice to all parties, later withdraws his or her waiver, the defendant shall be brought to trial within 30 days of the date of that withdrawal. If a general time waiver is not expressly entered, subparagraph (B) shall apply.* [¶] (B) The defendant requests or consents to the setting of a trial date beyond the 30-day or 45-day period. In the absence of an express general time waiver from the defendant, the court shall set a trial date. *Whenever a case is set for trial beyond the 30-day or 45-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter. . . ."* (Italics added.)

██ Section 1382(a)(3)(A) provides that an action shall not be dismissed where the defendant enters a general waiver of the statutory speedy trial deadline set forth in section 1382, subdivision (a)(3). However, where the defendant withdraws such a time waiver with proper notice to all parties, "the defendant shall be brought to trial within 30 days of the date of that withdrawal." (§ 1382(a)(3)(A).) There is no 10-day "grace period" following expiration of the 30-day time period to bring a defendant to trial under that section. (*Ibid.*) By contrast, under section 1382, subdivision (a)(2)(B), where a defendant consents to a trial date beyond the deadlines set forth in section 1382, subdivision (a)(2) and (3) without entering a general time waiver, the court has a 10-day grace period within which it can bring the case to trial after the date consented to by the defendant. (See § 1382, subd. (a)(2)(B) [felony cases] & (3)(B) [misdemeanor cases].) Section 1382(a)(3)(A) therefore mandates dismissal in all cases where a misdemeanor defendant is not brought to trial within 30 days of withdrawing a general time waiver, unless good cause is shown for the delay.

██ Baustert withdrew his general time waiver at the November 29 hearing. Thus, under section 1382(a)(3)(A), the People were required to bring Baustert to trial by December 29. There was no 10-day grace period as the court believed, because that period only applies to section 1382(a)(3)(B), where a defendant requests or consents to a trial date beyond the statutory deadline. Accordingly, unless good cause existed for a continuance of trial from December 27 to January 3, the charges against Baustert must be dismissed.

### C. *Good Cause Analysis*

██ As detailed above, section 1382, subdivision (a), provides in part that a case not brought to trial within the statutory deadline must be dismissed "unless good cause to the contrary is shown."

■ The unavailability of a witness constitutes good cause for a continuance where five criteria are satisfied: (1) the party seeking the delay has exercised due diligence in securing the attendance of the witness at trial by legal means, (2) the testimony of the witness is material, (3) the testimony is not merely cumulative, (4) the attendance of the witness can be obtained within a reasonable time, and (5) the facts about which the witness is expected to testify cannot otherwise be proven. (*Owens v. Superior Court* (1980) 28 Cal.3d 238, 250–251 [168 Cal.Rptr. 466, 617 P.2d 1098] (*Owens*).) The party seeking the continuance has the burden of proving that each of the above elements is met. (*Ibid.*)

■ "The failure to attempt to secure the presence of a witness for whom a continuance is sought indicates a lack of due diligence." (*Pickett v. Municipal Court* (1970) 12 Cal.App.3d 1158, 1162–1163 [91 Cal.Rptr. 315] (*Pickett*).) Moreover, the fact that a witness will be on vacation on the date set for trial does not by itself constitute good cause for a continuance. (*Cunningham v. Municipal Court* (1976) 62 Cal.App.3d 153, 155–156 [133 Cal.Rptr. 18] (*Cunningham*).) This is because a defendant's right to a speedy trial may not be violated solely to serve the convenience of the prosecution's witnesses. (*Ibid.*; *Pickett, supra,* 12 Cal.App.3d at p. 1162; see also *Owens, supra,* 28 Cal.3d at p. 252, fn. 14.) For example, in *Pickett,* the prosecutor's belief that several witnesses might be out of town or teaching summer school on the date set for trial was insufficient to constitute good cause for a continuance past the statutory speedy trial deadline where no attempt was made to secure the witnesses' attendance by subpoena or other legal means. (*Pickett, supra,* 12 Cal.App.3d at p. 1162.)

Similarly, in *Cunningham,* the failure of the prosecution to issue a subpoena compelling a police officer witness's attendance at trial precluded a finding of due diligence and therefore no good cause existed to continue the trial beyond the statutory speedy trial deadline. (*Cunningham, supra,* 62 Cal.App.3d at pp. 155–156.) The prosecutor knew the witness was going to be on vacation on the date set for trial, but declined to issue a subpoena compelling the witness's attendance at trial. (*Id.* at p. 156.) The court noted that the witness should have been subpoenaed before he left on vacation. In addition, because there was no evidence that the witness was out of the state and therefore out of the court's jurisdiction, the court stated that a subpoena could have been issued despite the witness's vacation having already begun. (*Ibid.*)

■ In this case, the People's motion to continue was based on a declaration stating that Officer Turi would be on vacation from December 20

through December 29. The declaration asserted that the People "exercised due diligence" in attempting to secure Officer Turi's attendance at trial, in that the subpoena was served on December 1 and notice of Officer Turi's unavailability was received December 6. However, while Officer Turi was originally served with a subpoena to appear for trial on December 27, the People voluntarily released her from the subpoena and unilaterally served her with another one requiring her appearance on a date past the statutory deadline. Furthermore, the declaration gave no indication that Officer's Turi's vacation placed her outside of the court's jurisdiction at the time of trial on December 27. Thus, because the People allowed Officer Turi to proceed with her vacation, instead of requiring her appearance at trial pursuant to the subpoena, there was no good cause shown for a continuance. (See *Cunningham, supra,* 62 Cal.App.3d at pp. 155, 156 [holding police officer witness's declaration, stating that he would be on vacation and out of Los Angeles County on the date set for trial, insufficient to constitute good cause].) Both *Pickett, supra,* 12 Cal.App.3d at page 1162, and *Cunningham, supra,* 62 Cal.App.3d at page 156, require a genuine attempt to secure a witness's attendance in court on the date set for trial, notwithstanding the witness's plans to be on vacation. Therefore, the due diligence requirement of *Owens* was not satisfied when the People decided to accommodate Officer Turi's vacation plans.

The People contend that *Shane, supra,* 115 Cal.App.4th 196, supports the proposition that a witness's vacation alone constitutes good cause for a continuance. However, *Shane* does not stand for that proposition. Rather, the Court of Appeal there rejected a defendant's argument that as a matter of law the People were required to subpoena a police officer witness more than four days before trial. (*Id.* at pp. 203, 205.) The Court of Appeal held that the prosecutor's actions were reasonable given that (1) the district attorney first learned of the officer witness's unavailability four days before trial when it attempted to serve the officer, and (2) to require prosecutors to anticipate in advance a witness's unavailability would require them to "become clairvoyants." (*Ibid.*)

However, this is not a case in which the People attempted to subpoena a witness for trial, but were unable to do so because the witness was already on vacation or otherwise unavailable. Here, the People had Officer Turi under subpoena, but voluntarily released her before the trial date. We are thus presented with facts similar to those in *Pickett* and *Cunningham.* In those cases, the People did not attempt to subpoena the witnesses to attend on the dates set for trial, but instead moved to continue the trials to times more convenient for the witnesses. (*Pickett, supra,* 12 Cal.App.3d at p. 1162; *Cunningham, supra,* at pp. 155–156.)

The People point out that *Cunningham* predates the adoption of section 1050, subdivision (g)(1) by the Legislature in 1985. Section 1050 provides the procedures that must be followed to obtain a continuance in a criminal case. Section 1050, subdivision (e) requires good cause to be shown for the continuance. Also, section 1050 requires the party requesting the continuance to present affidavits or declarations "detailing specific facts showing that a continuance is necessary." (§ 1050, subd. (b)(1).) The court is instructed by section 1050, subdivision (d) to "state on the record the facts proved that justify its finding" of good cause. Section 1050, subdivision (g)(1) states: "When deciding whether or not good cause for a continuance has been shown, the court shall consider the general convenience and prior commitments of all witnesses, including peace officers."

■ However, section 1050 is a calendar management statute and applies generally to all continuances in criminal cases. Section 1050 is, by its terms, directory only; a failure to find good cause as required by section 1050 does not justify dismissal of a criminal case. (§ 1050, subd. (l);[6] *People v. Alvarez* (1989) 208 Cal.App.3d 567, 578 [256 Cal.Rptr. 289].) In contrast, section 1382 requires dismissal of any criminal case continued beyond the deadlines set forth therein unless good cause is shown for the continuance.

■ As previously discussed, *Owens, supra,* 28 Cal.3d at pages 250–251, sets out the criteria used to determine whether a witness's unavailability constitutes good cause for a continuance past a statutory speedy trial deadline. Although section 1050 provides useful guidelines for courts to use when ruling on motions to continue, courts must also comply with the criteria set out in *Owens* when making a good cause determination under section 1382. Therefore, the fact that a witness plans to be on vacation cannot alone constitute good cause for a continuance past a section 1382 deadline without a showing by the party requesting the continuance that the five *Owens* criteria are met.

We conclude that the People failed to exercise due diligence in attempting to secure the attendance of the police officer witness on the date set for trial. We therefore decline to address Baustert's arguments regarding the failure of the People to satisfy three of the remaining four *Owens* criteria. Because we hold that the court abused its discretion in granting the continuance, we grant Baustert's petition for writ of prohibition.

---

[6] Section 1050, subdivision (l) states: "This section is directory only and does not mandate dismissal of an action by its terms."

## DISPOSITION

Let a writ of prohibition issue preventing the court from taking any further action except to dismiss the charges against Baustert. The stay issued by this court on February 3, 2005, is vacated. The opinion is final as to this court immediately. (Cal. Rules of Court, rule 24(b)(3).)

Huffman, Acting P. J., and Aaron, J., concurred.