[No. B200619. Second Dist., Div. Seven. Feb. 20, 2008.]

ROBYN MAUREEN JENSEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Law Offices of Jon Bryant Artz and Jon Bryant Artz for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Patrick D. Moran and Cassandra Hart-Franklin, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ZELON, J.**—Petitioner Robyn Maureen Jensen petitions for a writ of prohibition directing the trial court to take no further action other than to dismiss the charges against her on the basis of an alleged violation of her right to a speedy trial. (Pen. Code,[1] § 1382.) We deny the petition.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Jensen was charged with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving with a blood-alcohol content of above 0.08 percent (Veh. Code, § 23152, subd. (b)), with the allegation pursuant to Vehicle Code section 23578 that her blood-alcohol content exceeded 0.15 percent. On February 23, 2007, the parties agreed to set the case for trial on March 22, 2007.

On March 21, 2007, the prosecution filed and served by fax a motion to continue the trial, listing the basis for the request as the fact that "Officer Tanner [the arresting officer] is out of town on pre-scheduled vacation returning April 16, 2007 and is not available to testify at the Jury Trial set for March 22, 2007." On the following day, the day that the trial was supposed to begin, the prosecution asked for a continuance of the trial on the same basis, and Jensen objected on the ground that the vacation of a police officer is not good cause for the continuance of a trial past the statutory time period set forth in section 1382.

Argument was held on the continuance motion on March 29, 2007, the final day in the statutory period for Jensen to be tried. The parties stipulated that: a subpoena was issued by the district attorney's office for Officer Tanner on February 27, 2007, and was received by a Beverly Hills Police Department representative on that date; that Officer Tanner was not personally served with the subpoena and that the cadet responsible for serving the officer just left it in the officer's box; and that Officer Tanner left on vacation on or about March 21, 2007. The deputy district attorney reported that on March 21 she received the subpoena back with a notation stating that the officer was on vacation, and that she confirmed with the Beverly Hills Police Department that the officer was on vacation.

The trial court found that there was good cause to continue the trial and that the prosecutor had exercised due diligence in seeking the attendance of Officer Tanner at trial. After subsequent proceedings, this petition for a writ of prohibition followed. We issued an order to show cause.

## DISCUSSION

■ To establish good cause for a continuance because of the unavailability of a witness, a party must show that he or she "exercised due diligence to secure the witness's attendance, that the witness's expected testimony was material and not cumulative, that the testimony could be obtained within a reasonable time, and that the facts to which the witness would testify could not otherwise be proven." (*People v. Howard* (1992) 1 Cal.4th 1132, 1171 [5

Cal.Rptr.2d 268, 824 P.2d 1315], relying on *Owens v. Superior Court* (1980) 28 Cal.3d 238, 250–251 [168 Cal.Rptr. 466, 617 P.2d 1098] (*Owens*).) We review the trial court's ruling on the continuance motion for an abuse of discretion. (*People v. Shane* (2004) 115 Cal.App.4th 196, 203 [8 Cal.Rptr.3d 753] (*Shane*); *People v. Memro* (1995) 11 Cal.4th 786, 852 [47 Cal.Rptr.2d 219, 905 P.2d 1305].)

 Cases concerning continuances sought because a material witness is unavailable fall generally into two categories: cases in which the witness was subpoenaed and cases in which the witness was not subpoenaed. When a witness was served with a subpoena but fails to appear as commanded, there is usually good cause for a continuance. "To penalize and dismiss the case of a litigant who has no advance knowledge of a witness' default is unreasonable and unwarranted. We think a subpoenaed material witness' failure to appear for trial may constitute good cause under section 1382 for the continuance of a trial beyond its statutory period." (*Gaines v. Municipal Court* (1980) 101 Cal.App.3d 556, 560 [161 Cal.Rptr. 704] (*Gaines*).) When a witness is not under subpoena, his or her absence generally does not constitute good cause for the continuance of a trial (*Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1277–1279 [29 Cal.Rptr.3d 208] (*Baustert*) [after prosecutor released police officer from subpoena that required presence on trial dates that conflicted with officer's planned vacation, prosecutor could not show due diligence and good cause for a continuance]; *Caputo v. Municipal Court* (1960) 184 Cal.App.2d 412, 419 [7 Cal.Rptr. 435] [no good cause where prosecutor made no effort to subpoena officer before he left on vacation, despite knowing of vacation plans]; *Pickett v. Municipal Court* (1970) 12 Cal.App.3d 1158, 1162–1163 [91 Cal.Rptr. 315] [no good cause for continuance based on the prosecutor's mere belief that several witnesses might be out of town or teaching on the trial date where no attempt was made to locate and subpoena those witnesses, as "[t]he failure to attempt to secure the presence of a witness for whom a continuance is sought indicates a lack of due diligence"]; *Cunningham v. Municipal Court* (1976) 62 Cal.App.3d 153 [133 Cal.Rptr. 18] (*Cunningham*) [prosecutor knew officer was going on vacation but neglected to subpoena him before he left; failure to subpoena police officer precluded a finding of due diligence].)

This distinction between subpoenaed witnesses and unsubpoenaed witnesses rests on the question of due diligence. A prosecutor who issues subpoenas is exercising the requisite due diligence in securing the attendance of witnesses at trial, while a prosecutor who does not issue subpoenas has not made sufficient effort to ensure their presence. (*Gaines, supra,* 101 Cal.App.3d at p. 561 ["the prosecutor exercised due diligence in subpoenaing his witnesses for trial, and was not required to employ any additional mode of process, either formal or informal"].) As the *Baustert* court explained, there is no due diligence, and therefore, no good cause for a continuance where "the

People did not attempt to subpoena the witnesses to attend on the dates set for trial, but instead moved to continue the trials to times more convenient for the witnesses." (*Baustert, supra,* 129 Cal.App.4th at p. 1278.)

In light of this case law, a critical inquiry here in determining whether the prosecution demonstrated good cause for the requested continuance is whether this police officer was served with a subpoena. Jensen argues that Officer Tanner was not properly served, because he was not given the subpoena by the agent of the Beverly Hills Police Department. Jensen, however, stipulated that the subpoena "was received by a [member] of the Beverly Hills Police Department in charge of issuing the subpoenas on or about February 27th of '07. And the procedure is that after a representative of Beverly Hills Police Department receives our subpoena, then they personally serve or put [it] in the officer's box, that subpoena." This appears to comply with section 1328, subdivision (c)'s requirement that "If any peace officer . . . is required as a witness before any court or magistrate in any action or proceeding in connection with a matter regarding an event or transaction which he or she has perceived or investigated in the course of his or her duties, a criminal subpoena issued pursuant to this chapter requiring his or her attendance *may be served* either by delivering a copy to the peace officer personally *or by delivering two copies to his or her immediate superior or agent designated by his or her immediate superior to receive the service . . . .*" (Italics added.)

█ Section 1328, subdivision (c) describes what is supposed to happen after the subpoena is served by delivery to the officer's immediate superior or designated agent: "*If service is made* upon the immediate superior or agent designated by the immediate superior, the immediate superior or the agent shall deliver a copy of the subpoena to the peace officer as soon as possible and in no event later than a time which will enable the peace officer to comply with the subpoena." (Italics added.) This provision suggests that for the purpose of this subdivision, service is complete upon receipt of the subpoena by the superior or the designated agent, even though the actual delivery to the officer has not yet occurred. Applying this subdivision, it appears that the prosecutor did exactly what she was supposed to do under the law: only days after the trial date was set, with weeks remaining until the trial date, she caused the subpoena to be transmitted to the Beverly Hills Police Department, where it was accepted. Service was complete at this point, at least with respect to the responsibilities of the attorney issuing the subpoena. (§ 1328, subd. (c).)

█ It appears that the police department then failed to ensure that a copy of the subpoena was delivered "to the peace officer as soon as possible and in no event later than a time which will enable the peace officer to comply with

the subpoena." (§ 1328, subd. (c).) Contrary to Jensen's contention, this apparent failure cannot reasonably be charged to the district attorney. Just as "counsel who prosecute or defend a criminal cause are not required to anticipate a police witness' disobedience of a subpoena" (*Gaines, supra*, 101 Cal.App.3d at p. 561), they similarly cannot be expected to anticipate that the police department will fail to properly deliver a subpoena that has been served upon it and accepted by the department in accordance with statute. Indeed, to hold otherwise would prevent attorneys from relying on the subpoenas they issue, require them to supervise internal police department procedures over which they have no legal control, or "demand that prosecutors [and other counsel] become clairvoyants." (*Shane, supra*, 115 Cal.App.4th at p. 205.) In order to establish due diligence, attorneys would be required to personally contact every police officer served with a subpoena pursuant to section 1328, subdivision (c) and confirm his or her actual receipt of the served subpoena. We cannot imagine that when the Legislature enacted this procedure ostensibly to streamline service of subpoenas on peace officers, it actually intended to create a more onerous mechanism by which counsel issuing subpoenas to peace officers would be required to monitor the police department's practices for distributing subpoenas and contact every peace officer who is subpoenaed to verify that he or she received the subpoena. The Court of Appeal has declined to impose additional due diligence requirements on counsel beyond serving subpoenas to compel witnesses' attendance at trial. Service of the subpoena is the responsibility of the attorney, and once service is effected, counsel is "not required to employ any additional mode of process, either formal or informal" to ensure the witness's availability or attendance. (*Gaines*, at p. 561.)

Jensen argues that even if the subpoena was served, the police officer's failure to appear at trial is attributable to the prosecutor. This is not the law. "If a police officer disregards a subpoena issued on behalf of either the prosecution or the defense, he defaults as a witness and not as an agent of counsel. Although a police officer is usually employed and paid by some public entity, so is the prosecutor, the public defender, even the judge who presides, and the mere fact of public employment does not make a police witness a judicial officer (Pen. Code, § 1050) or make him an agent of the prosecutor with authority to bind the State of California on the matter of speedy trial." (*Gaines, supra*, 101 Cal.App.3d. at p. 561.)

█ We readily recognize that the vacation of a police officer is not, by itself, good cause for continuing a case beyond the statutory time period. (*Cunningham, supra*, 62 Cal.App.3d at pp. 155–156; *Baustert, supra*, 129 Cal.App.4th at p. 1277.) Vacation or no vacation, the party seeking a continuance has the burden of showing the existence of the five factors that establish good cause for the continuance. (*Baustert, supra*, 129 Cal.App.4th at p. 1279 ["the fact that a witness plans to be on vacation cannot alone

constitute good cause for a continuance past a section 1382 deadline without a showing by the party requesting the continuance that the five *Owens*[, *supra*, 28 Cal.3d at pp. 250–251] criteria are met."].) Here, the trial court properly did not consider the vacation status of the officer as good cause by itself, instead determining whether good cause was shown "on a case-by-case basis, based upon a number of factors, *including* the 'prior commitments of all witnesses, including police officers.' " (*Brown v. Superior Court* (1987) 189 Cal.App.3d 260, 266 [234 Cal.Rptr. 416].) The trial court evaluated a situation in which a prosecutor promptly issued her subpoena upon the setting of the trial date. Because of the conduct of the Beverly Hills Police Department, the prosecutor was not informed of the officer's unavailability until the day before trial, at which point the officer was already on vacation and unavailable. Here, the statutory provisions, though designed to simplify the process of serving subpoenas on peace officers, instead created a complicated and unusual situation in which a police officer could be legally served with a subpoena and yet not be aware of that service, thus going on vacation apparently without knowing that he was defying a subpoena;[2] and a prosecutor, secure in her knowledge that she had properly and timely subpoenaed her central witness, could be surprised the day before the trial when the Beverly Hills Police Department finally notified her that the officer was unavailable, at which point in time she no longer had the option of requesting that the trial date be advanced to accommodate the witness's schedule and could only request a continuance.

■ Under these unusual circumstances, we see no abuse of discretion in the trial court's determination that the prosecutor had demonstrated good cause for a continuance. The prosecutor fulfilled her responsibilities with respect to the subpoena and ensured that the officer was served within the language of section 1328, subdivision (c). Due diligence requires exactly what was present here, "a genuine attempt to secure a witness's attendance in court on the date set for trial, notwithstanding the witness's plans to be on vacation." (*Baustert, supra*, 129 Cal.App.4th at p. 1278.) The prosecutor was not informed by the police department of the officer's unavailability until the day before the trial began, after the police officer had already left the country on vacation, leaving her with no alternative but to request a continuance. As the subpoenaed officer was the arresting officer in this driving under the influence case, there is no question that his testimony was material and not cumulative, and that the facts to which he would testify could not otherwise be proven. The testimony could also be obtained within a reasonable time, as the officer's anticipated return was April 16, 2007. Accordingly, we cannot discern any abuse of discretion in the trial court's ruling that good cause

---

[2] There is no evidence in the record that Officer Tanner knew of the subpoena before he departed on vacation.

existed to justify a short continuance beyond section 1382's statutory time-frame for trying these misdemeanor charges.

## DISPOSITION

The petition for writ of prohibition is denied. The order to show cause is discharged. Upon finality of this opinion, the stay of further proceedings in the superior court is vacated.

Perluss, P. J., and Woods, J., concurred.

A petition for a rehearing was denied March 11, 2008, and petitioner's petition for review by the Supreme Court was denied May 21, 2008, S162368.