Filed 4/11/14  Duke v. Superior Court CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JONATHAN DUKE,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | B254105<br><br>(L.A.S.C. No. MA057733)<br><br><br>OPINION AND ORDER<br>GRANTING PEREMPTORY<br>WRIT OF MANDATE |

ORIGINAL PROCEEDING; petition for writ of mandate.  Lisa Mangay Chung, Judge.  Petition granted.

Ryan Wolfe for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Roberta Schwartz and Cassandra Hart, Deputy District Attorneys, for Real Party in Interest.

_____

Petitioner Jonathan Duke sought an order for free trial transcripts to prepare a motion for a new trial after his conviction for murder. Respondent court denied his request. Although Petitioner did not demonstrate his indigency below, the People concede error and recommend an evidentiary hearing in the trial court. Accordingly, we grant the petition and order that such a hearing be conducted. (Code Civ. Proc., § 1088.)

**BACKGROUND**

At trial, Petitioner was represented by appointed counsel, an alternate public defender.[1] On October 21, 2013, Petitioner was convicted by jury of one count of willful, deliberate, and premeditated murder; the jury found true the allegation that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members. (Pen. Code, §§ 187, 186.22, subd. (b)(4).)

Before Petitioner's sentencing, his family hired attorney Ryan Wolfe to file a motion for a new trial and to represent Petitioner upon sentencing. Petitioner moved ex parte for County of Los Angeles to provide trial transcripts without cost to Petitioner. Petitioner did not provide his own declaration in support of the motion. Instead, Petitioner provided Wolfe's declaration, stating, in part, "Although I have been privately retained with fundraising support of [Petitioner]'s family, based on information and belief it is my conclusion that the [Petitioner] is indigent, and therefore qualifies for court ordered transcripts. [¶] [Petitioner] previously qualified for representation as an indigent by the Alternate Public Defender's Office."

In the declaration filed in support of the instant petition, Wolfe states that at the January 13, 2014 hearing, he "offered an oral declaration of Mr. Duke's indigency and

---

[1] The Office of the Public Defender represented Petitioner until October 29, 2012, when it declared a conflict of interest, and respondent court appointed the Office of the Alternate Public Defender. On November 6, 2012, respondent court relieved the Office of the Alternate Public Defender, and private counsel Theodore A. Loewen substituted in as Petitioner's counsel. Private counsel Martin Pines represented Petitioner at the November 19, 2012 preliminary hearing. By the time trial commenced on October 21, 2013, Mario Barrera, Alternate Public Defender, represented Petitioner.

made him available for Judge Chung's inquiry and . . . noted that the attorney's fees were reasonable and discounted to a monthly payment plan which exhausted any resources to pay for ancillary services and transcripts."

Respondent superior court denied the motion.  Petitioner does not provide a copy of the transcript of the January 13, 2014 hearing,[2] but the minute order states:  "The court denies the motion – the court indicates it[']s a type of Harris motion."[3]  In the declaration filed in support of the instant petition, Wolfe simply states that respondent court denied the ex parte motion "on the basis that Mr. Duke had retained private counsel and [respondent court] did not want to create an occasion for a *Harris* appointment."  In his March 6, 2014 declaration in support of the People's "Response to Petition for Writ of Mandate/Concession Letter," Deputy District Attorney Jonathan M. Chung, who appeared at the January 13, 2014 hearing, states:  "On January 13, 2014, I appeared for a sentencing hearing in this case, during which the trial court denied a request by defense counsel for the court to pay for defendant Duke's trial transcripts.  The basis for the trial court's denial was that the defendant had hired private counsel and that the request amounted to a *Harris* motion."

## DISCUSSION

Petitioner contends:  "This Court should order the superior court to grant Mr. Duke's request for transcripts at County expense because Mr. Duke has demonstrated his indigency."

To support a claim of indigency, a defendant has the burden to provide a declaration to show that his current financial status denies him equal access to the legal

---

[2] When a transcript of oral proceedings is unavailable, the record on the writ petition must include a declaration "[e]xplaining why the transcript is unavailable and fairly summarizing the proceedings, including the parties' arguments and any statement by the court supporting its ruling.  This declaration may omit a full summary of the proceedings if part of the relief sought is an order to prepare a transcript for use by an indigent criminal defendant in support of the petition and if the declaration demonstrates the need for and entitlement to the transcript . . . .  "  (Cal. Rules of Court, rule 8.486.)

[3] *Harris v. Superior Court* (1977) 19 Cal.3d 786.

3

process.  (*March v. Municipal Court* (1972) 7 Cal.3d 422, 430.)  Contrary to his claim that he demonstrated his indigency below, Petitioner provided no evidence of his indigency to respondent court nor a transcript to this Court showing that he offered to make such showing.

Instead, Petitioner provided his counsel's declaration, in which Wolfe stated that Petitioner is indigent "based on information and belief."  A declaration made on information and belief is hearsay and must be disregarded.  (*Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1275, fn. 5; *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204.)

Although Petitioner did not demonstrate his indigency below, the parties nonetheless agree that the hiring of private counsel by a defendant's family is only one factor to be considered in determining a defendant's indigency.  (*Tran v. Superior Court* (2001) 92 Cal.App.4th 1149, 1153–1154.)  They also agree that the issue of a *Harris* appointment—a request by an indigent defendant for appointment of private counsel—is irrelevant.  (*Harris v. Superior Court*, *supra*, 19 Cal.3d at p. 799; see *People v. Cole* (2004) 33 Cal.4th 1158, 1186.)  We agree.

The remedies sought by the parties differ.  While Petitioner requests the immediate provision of free transcripts, the People request that this Court order respondent court to conduct an evidentiary hearing to determine whether Petitioner is indigent.  Given the concession of the People that Petitioner be afforded the opportunity to prove his indigency at an evidentiary hearing, we grant the petition and so order.

THEREFORE, let a peremptory writ issue, commanding respondent superior court (1) To vacate its order of January 13, 2014, in Los Angeles Superior Court case No. MA057733, entitled People v. Jonathan Duke, denying Petitioner's motion to provide trial transcripts at the expense of the County of Los Angeles, and (2) To conduct an evidentiary hearing to determine whether Petitioner is indigent; and (3) To issue a new order, consistent with this opinion.

In all other respects, the petition is denied.

NOT TO BE PUBLISHED.

THE COURT:

_____  _____  _____
 ROTHSCHILD, Acting P. J.          CHANEY, J.                    JOHNSON, J.