

**FILED**
October 24, 2022 03:52 PM
ST-2018-CR-00037
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | **CASE NO. ST-2018-CR-00037** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| **TREVORNE LAKE** | ) | |
| Defendant. | ) | |
| | ) | |

Cite as 2022 VI Super 89U

## MEMORANDUM OPINION

¶1  **THIS MATTER** is before the Court on Defendant Trevorne Lake's ("Lake" or "Defendant") Renewed Motion to Dismiss for Speedy Trial Violation, filed April 14, 2021. The People of the Virgin Islands ("People") filed The People's Notice of Refiling of Opposition to Defendant's Motion to Dismiss for Speedy Trial Violation, on May 21, 2021.[1] For the reasons set forth herein, the motion will be denied.

## BACKGROUND

¶2  The People allege Lake fatally shot Alldix Callwood, while Callwood was seated in a pickup truck on May 16, 2017. Upon the People's motion, the Court issued a warrant for Lake's arrest on October 23, 2017, and he was arrested in Florida, on January 27, 2018. He was extradited to the U.S. Virgin Islands, appeared in court on February 22, 2018, and was thereafter charged

---

[1] The Defendant filed the initial Motion to Dismiss for Speedy Trial Violation on June 8, 2020. The People responded with a lengthy and substantive opposition on July 9, 2020, which is incorporated into the People's instant opposition by way of reference.

with first degree murder, first degree assault, third degree assault, and related firearms offenses. Lake has been in custody since his arrest on February 22, 2018.

¶3     Lake argues that the charges against him should be dismissed pursuant to the Sixth Amendment to the United States Constitution, which guarantees the right to speedy trial. U.S. CONST. amend. VI. He argues that his thirty-six (36) month incarceration,[2] the People's repeated requests for continuances to complete discovery, and the prejudice resulting from the delay favor dismissal.

¶4     The People counter that Lake has contributed to the delay by filing several continuances himself, and that the coronavirus disease of 2019 ("Covid-19") pandemic and the resultant cancellation of all in-person judicial proceedings significantly increased the delay, both of which were outside the People's control. The People further note that the Superior Court previously issued an order finding that the People's continuances for discovery requests were for "legitimate investigatory reasons," the off-island forensic testing was a source of significant delay, and the "period of Defendant's incarceration is not so egregious as to entitle him to release from custody."[3]

## LEGAL STANDARD

¶5     The Sixth Amendment to the United States Constitution, applicable to the United States Virgin Islands through section 3 of the Revised Organic Act of 1954,[4] guarantees the right to a speedy trial. U.S. CONST. amend. VI. To determine whether a defendant's speedy trial right has been violated, the Court balances four factors, colloquially known as the "*Barker* factors": (1) the

---

[2] The Court estimates Lake had been incarcerated for almost 39 months when he filed the renewed motion to dismiss. As of the date of this opinion, Lake has been in custody for nearly fifty-six (56) months.

[3] *See* March 2, 2020 Order issued by Hon. Judge Michael C. Dunston, denying Defendant's motion to decrease bail.

[4] Revised Organic Act of 1954 is codified at 48 U.S.C. §§ 1541-1645 and reprinted in V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 861 (1995) (preceding V.I. Code Ann. tit. 1).

length of delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Carty v. People of the Virgin Islands*, 56 V.I. 345, 364 (V.I. 2012) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). A delay must be significantly lengthy to trigger a *Barker* analysis, and a "longer delay is more 'presumptively prejudicial' to the rights of the defendant." *Francis v. People*, 63 V.I. 724, 748 (2015) (quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)).

## ANALYSIS [5]

¶6     To determine whether Lake's period of incarceration is unconstitutional under the Sixth Amendment, the Court will perform the relevant *Barker* analysis, as originally established by the United States Supreme Court. "[N]o one factor is 'a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Gov't of the Virgin Islands v. Richardson*, 51 V.I. 449, 458-59 (D.V.I. App. Div. 2009) (quoting *Barker*, 407 U.S. at 533). Rather, the Court must balance the four factors to determine whether Defendant's right has been violated.

### 1.  Length of Delay

¶7     As a threshold matter, the Court must determine whether the delay was sufficiently lengthy to trigger a *Barker* analysis. *Francis*, 63 V.I. at 748. The speedy trial clock begins to run "from the date of arrest or indictment, whichever is earlier." *People v. Rivera*, 64 V.I. 116, 125 (Super. Ct. 2010) (quoting *United States v. Battis*, 589 F.3d 673, 768 (3d Cir 2009)). The Virgin Islands

---

[5] The Court notes that another judicial officer of the Superior Court has previously found that the period of Lake's incarceration is not "so egregious as to entitle him to release from custody." *See* March 2, 2020 Order Denying Mot. for Reduction of Bail, entered by Hon. Judge Michael C. Dunston. The Court made this finding in March 2020, immediately before the Covid-19 pandemic caused a pause of all in-person proceedings. Therefore, that determination was based on all delays caused by the parties and the Court *prior* to the Covid-19 pandemic. Therefore, because the Virgin Islands Supreme Court has ordered that Covid-19 delays shall not be attributed to any party in a speedy trial analysis (*see*, *infra*, at notes 11 & 12) the Court has already technically found that the length of Lake's incarceration does not violate his constitutional rights. However, because it has not previously done so, the Court will perform a full speedy trial analysis here.

Supreme Court has also acknowledged that a delay over twelve (12) months is presumed to be sufficiently prejudicial to require evaluation of the remaining three *Barker* factors. *Carty*, 56 V.I. at 365.

¶8      In the instant matter, Lake was arrested on February 22, 2018. As of the date the instant motion was filed, he calculated he had been incarcerated for over thirty-six (36) months,[6] or three (3) years, and, as of the date of this opinion, that period of incarceration is now reaching closer to fifty-six (56) months, or over four and one half (4.5) years. This is a significant delay, well beyond the twelve-month mark deemed presumptively prejudicial by the Virgin Islands Supreme Court and thereby warranting further analysis. Accordingly, the Court will analyze the remaining *Barker* factors to determine the validity of Lake's motion to dismiss.

### 2. Reasons for the Delay

¶9      The second *Barker* factor directs the Court to determine which party is responsible for the delay and why. *Rodriguez v. People*, 2019 VI 19 ¶ 26 (citing *Rivera*, 64 V.I. 540, 582 (V.I. 2016); *Francis*, 63 V.I. at 748). Pretrial delay is often "inevitable and wholly justifiable." *Doggett*, 505 U.S. at 656. But the People ultimately bear the burden of justifying delays "because 'ultimate responsibility for such circumstances must rest with the government,' since it is the [g]overnment's duty to bring a defendant to trial." *Rodriguez*, ¶ 26; *United States v. Battis*, 589 F.3d 673, 679 (3rd Cir. 2009) (quoting *Barker,* 407 U.S. at 527).

¶10     Different reasons for delays correspond with different weights in favor of or against the speedy trial claim. *Id.* (citing *Barker*, 407 U.S. at 531). Delays caused by the defendant weigh against granting the dismissal, while delays caused by the People weigh in favor of dismissal. *Id.*

---

[6] *See supra*, fn. 2, regarding Lake's calculation of his period of incarceration.

When a delay remains unexplained on the record, the Virgin Islands Supreme Court has stated that it should be weighed against the prosecution, in favor of dismissal. *Rodriguez*, ¶ 26. The United States Supreme Court has articulated that government action can range from "reasonable diligence" to "bad faith," with negligence occupying a middle ground. *People v. Morton*, No. ST-2010-CR-00164, 2018 WL 4348336, at *2 (V.I. Super. Ct. Jan. 12, 2018) (citing *Doggett*, 505 U.S. at 656). If the People have exercised reasonable diligence in their prosecution, a speedy trial claim will fail, regardless of the length of the delay, as long as there has been no identifiable prejudice to the defendant. *Id.* (citing *Doggett*, 505 U.S. at 656; *United States v. Velasquez*, 748 F.3d 161, 175 (3d Cir. 2014)). However, if the People caused delay in bad faith, the requested relief is almost automatic. *Id.* (citing *Velazquez*, 749 F.3d at 175).

¶11    In the instant matter, there have been numerous delays, caused by both parties, the Court, and the Covid-19 pandemic. Lake argues that although he requested the first continuance, the People did not oppose it, and the second, third, fourth, and fifth continuances should weigh heavily against the People. He contends that if the People did not have the evidence needed to convict him at the time he was charged, the People should not be granted additional time to "hunt for further evidence in attempt to uphold feeble allegations." Lake further argues that the People's several continuances based on witness unavailability should not be supported when they further deprive him of due process. Lake argues that he was arrested eight (8) months after the shooting, and the arrest warrant was signed five (5) months after the shooting, allowing the People significant time to prepare and collect evidence, prior to Lake's incarceration. Lake finally argues that the Covid-19 pandemic prevented him from sitting for trial due to the lack of space available for appropriate social distancing, which, Lake says, is akin to overcrowded courts, and therefore weighs in favor of his motion to dismiss.

¶12     The People respond that Lake's own motion to continue, filed January 17, 2020 on the eve

of the Covid-19 pandemic, ultimately yielded the additional delay caused by the pandemic. The

People also note that the Court had already stated, in March 2020, that the investigatory delays

were legitimate and the length of the delay not so egregious as to release Lake from custody.[7]

Taking the parties' arguments under advisement, the Court will analyze each delay to determine

whether it weighs in favor of or against dismissal.

¶13     Lake was stopped and detained on January 27, 2018, in Florida, pursuant to the warrant

issued by the Superior Court of the Virgin Islands, as described above. Lake was then extradited

to the Virgin Islands. Upon his arrival he was formally arrested, and his initial hearing was held

on February 22, 2018. At his arraignment on March 8, 2018, the Court advised the parties that

discovery was due on July 23, 2018, a motions hearing was scheduled for September 4, 2018, the

pretrial conference was scheduled for October 22, 2018, and jury selection was scheduled for

November 5, 2018.

¶14     On September 17, 2018, Lake filed a motion to compel discovery.[8] At the October 22, 2018

pretrial conference and motions hearing, the Court addressed Lake's motion to compel discovery,

and specifically ordered the People to provide Lake with unredacted witness statements. Lake

thereafter requested the first continuance on this matter. The People did not object to this

continuance, as neither party was prepared to move forward with trial as originally scheduled. The

Court granted the continuance and re-set the pretrial conference for January 8, 2019 and jury

---

[7] Citing March 2, 2020 Order Denying Mot. for Reduction of Bail, entered by Hon. Judge Michael C. Dunston. Judge Dunston was the assigned judge from the date of arraignment until his retirement with his last order entered in June 2020. The case was eventually assigned to the undersigned judicial officer in February 2021.

[8] *See* Sept. 17, 2018 Mot. to Compel Discovery, specifically requesting the People provide the names and contact information of all witnesses, including confidential informants, any promises or understandings with any witnesses or informants, and whether any threats or inducements had been made regarding any witness or informant.

selection for January 28, 2019. The Virgin Islands Supreme Court has previously found that delays agreed upon by both parties, when neither party is prepared to go to trial, should not be attributed to either party. *See Francis*, 63 V.I. at 749. Therefore, the Court deems this first continuance, from November 5, 2018 to January 28, 2019, to be neutral; it will not weigh in favor of or against dismissal.

¶15    The People requested the second continuance on January 4, 2019 on the bases that (1) the case is important to the People, as first degree murder is one of the most serious crimes handled by Virgin Islands courts; (2) the People need extra time to prepare for trial, and specifically to work with witnesses; and (3) a contraband cellphone was recovered from Lake's cell at the Bureau of Corrections, which was sent to Puerto Rico for "hard chip extraction," a process expected to take five (5) months, and which the people anticipate being returned after the then existing jury selection date. Lake objected to the continuance. The Court granted this continuance in the interest of justice, finding that Lake would not be unduly prejudiced by a continuance. The Court re-set the pretrial conference for February 21, 2019 and jury selection for March 11, 2019.

¶16    "Delay caused by prompt, reasonable investigation is often justified." *Rodriguez*, ¶ 27 (citing *Doggett*, 505 U.S. at 656; *United States v. Frye*, 372 F.3d 729, 738 (5th Cir. 2004); *Howell v. State*, 418 So. 2d 1164 (Fla. Dist. Ct. App. 1982)). In evaluating whether investigative delay is reasonable, a court should consider the prosecution's conduct, the complexity of the case, the seriousness of the underlying charges, and the need for the additional evidence. *Id.* (citing *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002)). In the instant matter, nothing in the People's conduct indicates impropriety in the request, and the five-month estimate for extraction of evidence in Puerto Rico is out of the People's control. This matter appears to involve a significant amount of evidence, numerous witnesses, and the parties anticipate the trial to take over

*People of the Virgin Islands v. Trevorne Lake*
Case No. ST-2018-CR-00037
Memorandum Opinion – Motion to Dismiss
Page 8 of 22

Cite as 2022 VI Super 89U

five (5) days to complete, therefore the level of complexity of this matter is high. Additionally, this case is serious in nature, as it includes a first degree murder charge. Given that much of the evidence and testimony in this matter is circumstantial, the Court finds it crucial to allow both parties the time and resources required to adequately vet witnesses and collect evidence. Therefore, upon reviewing of the relevant considerations set forth in *Rodriguez v. People*, the Court finds the People's continuance was reasonable and justified. Therefore, this delay of the trial date from January 28, 2019 to March 11, 2019, is neutral and will not weigh in favor of or against either party.

¶17    At the February 21, 2019 pretrial conference, Defendant requested a continuance of the March 11, 2019 jury selection date, because both parties were under the impression that the trial would be in June 2019 (the Court had granted a three month continuance, not the five months requested by the People in January 2019). The People agreed to the continuance. The Court granted the continuance and re-set the pretrial conference for May 13, 2019 and jury selection for June 3, 2019. As discussed above, because the parties agreed to the continuance and neither party was yet prepared for trial, this delay (from March 11, 2019 to June 3, 2019) will not be weighed against either party. *See Francis*, 63 V.I. at 749.

¶18    At the pretrial conference on May 13, 2019, the People requested a continuance because they still had not received the evidence from Lake's cell phone. Defendant opposed the motion and stated he was ready for trial. The Court initially held the People's motion in abeyance, pending receipt of the cell phone data as the Court was hopeful the data might be received before the June 3, jury selection date.  Ultimately, the People did not receive the data in time, so the Court granted the continuance and re-set jury selection for October 7, 2019. This delay (from June 3 to October 7, 2019) was caused by the wait for cell phone data. That is an investigatory delay, which must

again be assessed using the reasonableness measurement discussed above, adopted by the Virgin

Islands Supreme Court in the *Rodriguez* case. As discussed, this matter is complex and serious.

The reason for the delay is the same as before, to obtain evidence from Lake's cell phone via hard

chip extraction off-island. The Court again finds that the delay is reasonable because the timing of

the return of the cell phone data was out of the People's control. Therefore, as discussed in

*Rodriguez*, the delay was reasonable and justified for a legitimate investigatory purpose, and

therefore will not weigh against either party.

¶19     The People filed their fourth supplemental discovery of two (2) discs, including the data

from Lake's cell phone, on September 12, 2019. On September 16, 2019, the parties convened for

a pretrial conference, at which both parties stated they were ready for trial. However, the parties

agreed they would like a final pretrial conference, which the Court scheduled for October 28, 2019,

with jury selection scheduled for November 18, 2019.[9]

¶20     At the pretrial conference on October 28, 2019, the People indicated they would like

additional time to finalize discovery regarding cell tower data, and requested the matter be

continued to the following jury period. Lake objected to any further continuance. The Court denied

the People's motion to continue, and kept the matter scheduled for jury selection on November 18,

2019. However, on November 14, 2019, the People filed another motion to continue under seal,

due to the sensitive nature of the motion. The motion first provided new details regarding the

alleged witness intimidation by Lake and his agents, allegedly causing a key witness to flee the

island, notifying the Court that the People have located the witness, and seeking to execute a

witness warrant to obtain the witness's testimony.  An additional basis for the motion to continue

---

[9] The record contains no explanation for why jury selection was moved from October 7, 2019, to November 18, 2019.

was the unavailability of a key law enforcement officer, described as a "critical witness," who had

a pre-planned, non-refundable vacation during the scheduled trial dates. The Court granted the

People's motion, setting the pretrial conference for January 20, 2020 and jury selection for

February 10, 2020.

¶21     The Virgin Islands Supreme Court has held that a "valid reason" for a delay might include

a missing witness. *Carty*, 56 V.I. at 366 (citing *Barker*, 407 U.S. at 531). In evaluating whether

such delay is justified, this Court has considered the importance of the witness's testimony in

proving the prosecution's case and the reason for the witness's absence. *Rodriguez*, ¶ 39 (citing

*Francis*, 63 V.I. at 750-51). "There is an enormous difference between being inconvenienced and

being unavailable. True unavailability suggests an unqualified inability to attend, while

inconvenience merely implies that . . . attendance would be burdensome." *Id.* ¶ 40 (quoting *State

v. Clark*, 16 P.3d 931, 936 (Idaho 2000)). Both the unnamed witness and the law enforcement

officer are said by the People to be essential witnesses. Given that the People had just recently

located the unnamed witness and were attempting to make the witness available for trial, it appears

that the People were exercising reasonable diligence to make the witness available. *See id.* (citing

*United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997)). Therefore, the People's delay on

behalf of the unnamed lay witness was reasonable. However, "the fact that a witness will be on

vacation on the date set for trial does not by itself constitute good cause for a continuance."

*Francis*, 63 V.I. at 750 (quoting *Baustert v. Superior Court*, 29 Cal.Rptr.3d 208, 213 (Cal. Ct. App.

2005)). Therefore, while the law enforcement officer is a critical witness, his pre-planned vacation

made his appearance inconvenient rather than impossible and is not good cause for the

continuance. Ultimately, however, the unavailability of the unnamed witness who had fled the

island because of witness intimidation renders the delay caused by this continuance to be neutral for purposes of the Court's analysis of the second *Barker* factor.

¶22    On January 16, 2020, Defendant requested a continuance because his attorney was scheduled to be on administrative leave from February 3, 2020 until February 27, 2020, in order to sit for the Virgin Islands Bar Exam. The Court granted the motion, and scheduled the pretrial conference for April 13, 2020 and jury selection for May 4, 2020. A delay caused by a defendant's motion for continuance is typically attributable to the defendant. *Rodriguez*, ¶ 30 (citing *Ashburn v. Korte*, 761 F.3d 741, 752 (7th Cir. 2014); *Battis*, 589 F.3d at 679; *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006); *Robinson v. Whitley*, 2 F.3d 562, 569 (5th Cir. 1993)). Therefore, because this delay (from February 10, 2020 to May 4, 2020) was requested by Defendant's attorney, it is weighed against the Defendant. Notably, no one in February 2020 could ever have predicted that this final, routine continuance would lead to the more significant delay attributed to the Covid-19 pandemic, which ultimately yielded an approximately eighteen (18)-month delay.

¶23    Thereafter, the onset of the Covid-19 pandemic yielded the cancellation of all in-person judicial proceedings. On March 13, 2020, the Virgin Islands Supreme Court entered an administrative order, pausing all jury trials "until further notice." As such, on April 1, 2020 the Court ordered this matter be re-set from April 14, 2020[10] to May 26, 2020. Thereafter, the Virgin Islands Supreme Court continued all jury trials through a series of administrative orders that spanned the period of March 13, 2020 to October 4, 2021.[11] Each order specified that delays due to the Covid-19 pandemic "shall not be attributed to any party for purposes of determining

---

[10] Note, the date of the pretrial conference was changed from April 13, 2020 to April 14, 2020 due to a scheduling conflict, in an order issued March 2, 2020.

[11] *See* March 13, 2020 Admin. Order 2020-0001, Re: Precautionary Measures in Response to Coronavirus Disease 2019 (Covid-19); *see also* June 30, 2021 Admin. Order 2021-0013, Re: Resumption of In-Person Proceedings and Jury Trials in the Judicial Branch of the Virgin Islands.

unnecessary delay."[12] Therefore, as ordered by the Virgin Islands Supreme Court, this Court will not attribute the weight of the Covid-19 pandemic delay to either party.

¶24     In the interim, Honorable Judge Michael C. Dunston retired and entered his last order in this matter on June 11, 2020, and the case was reassigned to the Honorable Judge Sigrid M. Tejo who recused herself on January 14, 2021, and then the Honorable Judge Renée Gumbs Carty, who recused herself on February 3, 2021. The matter was assigned to the undersigned judicial officer on February 15, 2021. The Court then scheduled a status conference for April 14, 2021. The Virgin Islands Supreme Court has held that unexplained delays or those caused by the Court are ordinarily attributed to the government. *Rodriguez*, ¶ 31 (citing cases). However, the prohibition on jury trials due to Covid-19 pandemic straddled the delay due to the change in judicial officers. Therefore, the changed in judicial officers did not contribute to the delay of this matter.

¶25     At the April 14, 2021 status conference, the Court set jury selection for and trial for the September 20, 2021 jury period, as it anticipated jury trials to have restarted by that time. On August 31, 2021, the People filed a sixth supplemental discovery of eight (8) items, including documents, audio files, and video footage. That same day the matter came on for pretrial conference.[13] The People informed the Court they were ready for trial. However, Defendant

---

[12] *See* December 17, 2020 Admin. Order 2020-0023, Re: Temporary Suspension of all In-Person Proceedings; January 15, 2021 Admin. Order 2021-0001, Re: Extension of Modified Court Operations; January 29, 2021 Admin. Order 2021-0002, Re: Limited Resumption of In-Person Operations and Proceedings; February 26, 2021 Admin. Order 2021-0004, Re: Continued Extension of Limited In-Person Proceedings; March 30, 2021 Admin. Order 2021-0006, Re: Limited In-Person Services Continued through May 14, 2021; May 14, 2021 Admin. Order 2021-0008, Re: Continued Limited Resumption of In-Person Proceedings; July 1, 2021 Admin. Order 2021-0009, Re: Resumption of In-Person Non-Jury Proceedings; July 30, 2021 Admin. Order 2021-0011, Re: Temporary Suspension of In-Person Services and Proceedings; and August 31, 2021 Admin. Order 2021-0013, Re: Resumption of In-Person Proceedings and Jury Trials.

[13] In the interim, on April 16, 2021, the Defendant filed a motion to suppress, and the hearing was held on June 24, 2021. Defendant also filed a motion for release on August 27, 2021, for which a hearing was held on October 7, 2021.

informed the Court he had just received extensive supplemental discovery, so he needed to review the material, which would delay the trial date.

¶26    It is the People's burden to prove they were acting with reasonable diligence when filing a supplemental discovery notice of extensive additional discovery, on the same date as the pretrial conference. *See Rodriquez*, ¶ 26. While the timing of the People's supplemental discovery is not ideal, there is no evidence that the People's late production of documents were the result of negligence or bad faith. The parties do not discuss this delay in their motion or opposition; however, the Court finds that the items in the sixth supplemental discovery were pertinent, and the People had a duty to turn them over. Nevertheless, because the timing of the discovery did ultimately lead to further delay, such delay will be weighed slightly against the People.

¶27    Notably, Defendant filed the instant motion to dismiss on the same day as the aforementioned status conference, April 14, 2021, so the following events occurred after such motion was filed. The Court will nonetheless examine the delays after the filing of the motion to dismiss to determine whether they can be attributed to one party or the other.

¶28    On September 14, 2021, Defendant filed a supplemental discovery demand, demanding the People turn over twelve (12) additional items. On September 15, 2021, the Court held a status conference. At that time the Court announced that jury trials would resume on October 12, 2021, and this trial case could proceed on November 2, 2021.[14] The People stated they had just received a supplemental request for additional discovery that exceeds 100 pages and that it would be stretch to try the case in the 8-day trial period beginning on November 2, 2021.[15] The People informed

---

[14] November 2, 2021 was the first jury period for the assigned judge after the resumption of jury trials.

[15] In order to ensure social distancing of jurors and spectators, only one case could be held at any one time in the Superior Court and thus the normal three (3)-week trial periods were being split between two judges.

the Court they were ready for trial, they anticipated the trial to take approximately one week, and they intended to call about twenty (20) witnesses, at least three (3) of whom were off-island. The People said they needed additional time to address the recent discovery demand, and moved to continue the November 2, 2021 jury selection date. Defendant stated that the supplemental discovery request was in response to the expert's materials, and in addition, Defendant would prefer that this complicated case not be the first one after the hiatus on jury trials caused by the Covid-19 pandemic. Defendant also moved for a continuance of the November 2, 2021 trial date. The Court ultimately moved the trial to January 24, 2022. Because the parties agreed to continue the matter to the following jury selection date to adequately prepare for trial, this delay will not weigh against either party. *Francis*, 63 V.I. at 749.

¶29     At the December 1, 2021 status conference, the parties determined the January date originally scheduled would not allow enough time to try the case.[16] That trial period was a one week trial period and the parties again determined it was not sufficient time to try the case. Therefore, the Court re-set a status conference for January 12, 2022, a pretrial conference for February 15, 2022, and jury selection for March 7, 2022. Because the parties agreed, and due to Covid-19 restrictions the Court was unable to accommodate the trial for this matter as originally planned in January 2022, this delay will not weigh against either party.

¶30     Then, on February 4, 2022, Defendant filed a lengthy motion *in limine* to exclude the Cellular Location Data and requested a *Daubert* hearing, which then had to be briefed and decided. Accordingly, at the February 15, 2022 pretrial conference, the Court granted the People's request

---

[16] Due to Covid-19 restrictions and the requirements for social distancing at the Superior Court, in January 2022, only one jury trial could be held at any one time. Therefore, the administration had developed a system to allocate one- or two-week jury trial periods to each Superior Court judge, instead of the ordinary three-week allocations. This Court was only allocated one week during the January 2022 jury period, and the parties agree that one week will likely not be enough time to select a jury, try the case and allow for jury deliberations.

*People of the Virgin Islands v. Trevorne Lake*
Case No. ST-2018-CR-00037
Memorandum Opinion – Motion to Dismiss
Page 15 of 22

Cite as 2022 VI Super 89U

for time to respond to the motion by March 18, 2022. Because the Court would be unable to issue an opinion by the March 7, 2022 jury selection date, it *sua sponte* removed it from that jury period, and rescheduled the pretrial conference for June 28, 2022 with jury selection scheduled for July 18, 2022. Thereafter, the People requested an extension of time to respond to Lake's motion *in limine*, which they ultimately filed on April 18, 2022.

¶31    The Defendant filed a new substantive motion—a motion *in limine*—two years after the People produced the cell phone location data that Defendant seeks to exclude, as the cell phone data was produced on April 16, 2020. Although the People's response to the motion came five weeks after the filing of the motion, the mere fact that the Defendant had the cell phone data for two years before they moved to exclude it causes the Court to charge this delay to the Defendant as the Court was forced to continue the next two jury selection dates while it analyzed the parties' motions and finalized the opinion.

¶32    At the June 28, 2022 pretrial conference, the Court *sua sponte* removed this matter from the July 18, 2022 docket because its decision on Lake's motion *in limine* was not yet finalized. The Court rescheduled the matter for pretrial conference on August 9, 2022 and jury selection on August 22, 2022.

¶33    As discussed, a delay arising from a court's *sua sponte* continuance is ordinarily attributable to the prosecution. *Rodriguez*, ¶ 31 (citing cases). However, given that the delay is also attributable to the Defendant's late filing of his motion *in limine*, the Court cannot take full responsibility for this delay, nor charge it to the prosecution. Accordingly, since this delay is attributed to the Court's *sua sponte* delay which flowed directly from Defendant's late filing, this delay will weigh neutrally, and thus this delay will not impact the Court's consideration.

¶34    At the pretrial conference, ultimately held on August 10, 2022, the Court had not ruled on Defendant's motion *in limine*. Further, the People informed the Court that one of their expert witnesses would not be available for the August 22, 2022 jury period. The People informed the Court they expect the matter to take eight (8) days plus the time the Defendant requires to put on his defense. Due to the nature of the Defendant's pending motion *in limine* as well as the unavailability of the People's expert witness, the Court rescheduled jury selection for October 3, 2022.[17]

¶35    As discussed above, the unavailability of a witness may be justified, depending on the circumstances. *Rodriguez*, at ¶ 39 (citing *Doggett*, 505 U.S. at 656). In a witness's absence, the Virgin Islands Supreme Court directs the Court to consider the importance of the witness's testimony as well as the reason for the witness's absence. *Id.* (citing *Francis*, 63 V.I. at 750-51; *Souza*, 749 F.3d at 82). In the record of proceeding detailing the unavailability of the People's witness, there is no information with respect to what the witness is intended to testify about or why the witness is unavailable. Additionally, the Court was still finalizing its decision on the motion *in limine*. When a delay can be directly attributed to the Court, the Virgin Islands Supreme Court has said the delay weighs against the prosecution. *Rodriguez*, at ¶31. Therefore, for both the lack of information detailing the witness's unavailability as well as the Court's delay, the Court finds this delay is weighed against the People and in favor of dismissal.

¶36    At the September 13, 2022 pretrial conference, the People informed the Court their expert witness would not be available for the October 3, 2022 jury period, and the People moved for a continuance of the October 3, 2022 trial period.[18] The Court granted the continuance and

---

[17] *See* Record of Proceeding, August 10, 2022.
[18] *See* Record of Proceeding, September 13, 2022.

rescheduled jury selection for November 14, 2022, with trial to immediately follow.[19] The Court

ultimately denied Defendant's motion *in limine*, issuing an opinion on September 26, 2022.[20]

¶37    Again, as just discussed, the People did not provide any detail regarding the nature of the

expert witness's testimony or the reason for the witness's unavailability. Therefore, the People's

failure to ensure the attendance of an important witness is weighed against the People and in favor

of dismissal.

¶38    Considering all the delays over the course of the last four plus years, the Court finds that

the majority are neutral, only several weigh in favor of or against dismissal, and none weigh

heavily against either party. The pause of in-person proceedings due to the Covid-19 pandemic

caused the longest delay in this matter. However, pursuant to the Virgin Islands Supreme Court's

numerous administrative orders on the issue, the delay caused by the pandemic cannot be attributed

to either party. The Court finds that the People have acted with reasonable diligence throughout

the proceedings, and Lake does not argue—and the record does not indicate—any period of delay

was caused by bad faith or negligence on the part of the People.[21]  Indeed, the Court finds that the

delays attributable to each party balance each other out and cannot be weighed heavily against

either party. Therefore, the Court finds this second *Barker* factor to be neutral in its speedy trial

analysis.

---

[19] As of the date of issuance of this opinion, November 14, 2022 is the current trial date and the matter is expected to go to trial on that date.

[20] *People of the Virgin Islands v. Trevorne Lake*, 2022 VI Super 82.

[21] In addition, the Court had already on March 2, 2020, before the onset of the Covid-19 pandemic that the delays thus far were not "egregious." *See* March 2, 2020 Order Denying Mot. for Reduction of Bail, issued by Hon. Judge Michael C. Dunston.

### 3. Defendant's Assertion of His Right to Speedy Trial

¶39    The third *Barker* factor considers whether the "defendant asserted his rights, evidencing a deprivation of his constitutional rights." *Rodriguez*, ¶ 42 (quoting *Rivera*, 64 V.I. at 584). "A defendant shows that he has asserted his right to a trial when he is represented by counsel and he can identify a motion or direct instructions to his counsel to assert that right at a time when a formal assertion of his rights would render some chance of success. . ." *Rodriguez*, ¶42 (quoting *Francis*, 63 V.I. at 752; *Carty*, 56 V.I. at 366). The Virgin Islands Supreme Court has stated that "the accused's various responses to the delays must be evaluated based on the surrounding circumstances—such as the timeliness, persistence, and sincerity of the objections, the reasons for the acquiescence, whether the accused was represented by counsel, the accused's pretrial conduct, and so forth." *Rodriguez*, ¶ 43 (citing *Francis*, 63 V.I. at 753; *State v. Ariegwe*, 167 P.3d 815, 841 (Mont. 2007); *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986); *Guam v. Flores*, 2009 Guam 22 ¶ 47; *State v. Lau*, 890 P.2d 291, 300 (Haw. 1995)). The Virgin Islands Supreme Court has found that when defendants delay their own trials through requesting continuances or inconsistent requests for speedy trial, the Court need only weigh the third *Barker* factor "slightly" in favor of the defendant. *Rodriguez*, ¶ 43 (citing *Francis*, 63 V.I. at 753; *Flores*, 2009 Guam 22 ¶ 48; *Dunaway v. Com.*, 60 S.W.3d 563, 571 (Ky. 2001)).

¶40    The Court identifies multiple distinct times when Lake asserted his right to trial: (1) at his March 8, 2018 arraignment, Lake requested a speedy trial; (2) through his counsel, Lake objected

to continuances requested by the People on January 8, 2019,[22] May 10, 2019,[23] and October 28, 2019[24]; (3) he asserted a violation of his right to speedy trial in a January 23, 2020 renewed motion for reduction of bail, based primarily on speedy trial arguments; (4) he asserted his right in a motion to dismiss for violation of speedy trial, filed June 10, 2020; (5) he references the length of his incarceration in his August 19, 2020 emergency motion for release; (6) he renewed his motion to dismiss with the instant motion on April 21, 2021; and (7) he again notes the inappropriate length of his incarceration in a motion for release filed on August 27, 2021. However, the Court also notes that on multiple occasions, Lake acquiesced to the People's requests for continuances, and he requested several continuances himself.[25]

¶41     As such, the Court finds that Lake has consistently asserted his right to speedy trial, but such assertion is tempered by Lake's own requests for and acquiescence with numerous continuances. Accordingly, following the standard set forth in the *Rodriguez* case, the Court finds this factor weighs "slightly" in favor of the Defendant, due to his timely, consistent, and sincere assertions of his right to speedy trial, but noting that Lake's own delays contributed significantly to the postponement of trial, as well.

---

[22] *See* Record of Proceeding, January 8, 2019.

[23] *See* Record of Proceeding, May 10, 2019, at which defense counsel orally objected to the People's request for continuance.

[24] *See* Record of Proceeding, October 28, 2019, at which defense counsel objected to any additional continuance and noted the defense was ready for trial.

[25] (1) Defendant requested an extension of the motions hearing and associated continuance on September 4, 2018; (2) Defendant requested another continuance on October 22, 2018, to which the People agreed; (3) the parties orally agreed to a continuance at the February 21, 2019 pretrial conference; and (4) defense counsel requested a continuance on January 15, 2020 because she was scheduled to be on administrative leave to take the Virgin Islands Bar Exam on the scheduled trial date.

### 4. Prejudice to Defendant

**¶42**    The Virgin Islands Supreme Court has repeatedly said the final *Barker* factor, prejudice against the defendant caused by the delay, is the most important. *Rodriguez*, ¶ 44; *Rivera*, 64 V.I. at 582; *Francis*, 63 V.I. at 746. To evaluate prejudice, the Court considers three interests which the right to speedy trial is designed to protect: "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Rodriguez*, ¶ 44 (citing *Francis*, 63 V.I. at 753; *Carty*, 56 V.I. at 367). "The burden of proving prejudice lies with the defendant." *Morton*, 2018 WL 4348336, at *7 (citing *Carty*, 56 V.I. at 367; *Barker*, 407 U.S. at 532).

**¶43**    Lake argues that the length of incarceration fits the description of "oppressive," because his bail has remained at $500,000 but he is indigent and unable to post the high bail, he has moved for release to house arrest multiple times, the People requested numerous continuances, and the People procrastinated on securing the relevant search warrants to obtain evidence until Lake had been in custody for over a year. The Court acknowledges the lengthy period for which Lake has been incarcerated pretrial, but the amount of time a defendant is detained is not the dispositive question. *People v. Hakim*, No. SX-09-CR-435, 2014 V.I. Lexis 67, at *13 (V.I. Super. Ct. Aug. 21, 2014). A defendant must offer "proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment." *Id.* (quoting *Hakeem v. Beyer*, 990 F.2d 750, 762 (3d Cir. 1993)). Here, the only factor Lake points to is the length of time he has been incarcerated. Therefore, he has failed to show proof of substandard conditions or other oppressive factors. The Court therefore does not find Lake's pretrial incarceration was oppressive.

¶44     As to the second prejudice factor, regarding Lake's anxiety and concern, Lake notes that

he is the father of a young son and has been incarcerated for the majority of his son's life.

Additionally, during his incarceration, two of Lake's family members suffered serious medical

complications, but Lake is unable to work to assist financially or be physically present to help. The

Virgin Islands Supreme Court has held that removal from family and corresponding hardships

therewith are suffered by the majority of incarcerated individuals, and they are not sufficient to

prove a Sixth Amendment speedy trial violation. *Rivera*, 64 V.I. at 585 (citing *Francis*, 63 V.I. at

754). Therefore, the Court is unpersuaded by Lake's argument on this factor.

¶45     With regard to the third prejudice factor, whether the defense was impaired, Lake argues

that his defense has been at a standstill, while the People continue to file supplemental discoveries

and gather evidence. Lake argues the People's continued efforts toward discovery indicate their

case against him is weak. However, while "excessive delay compromises the reliability of a trial

in ways that neither party can prove or, for that matter, identify," a defendant must be able to point

to a particular prejudice impacting his ability to receive a fair trial, because the "possibility of

prejudice" is not enough to prove a Sixth Amendment violation. *Morton*, 2018 WL 4348336, at

*8 (citing *Francis*, 63 V.I. at 754). Here, Lake has not identified any particular prejudices

impacting the fairness of his trial, beyond broadly stating that the People's case must be weak if

they continue to seek and produce additional discovery. Without more, this bare claim is

insufficient to show an impairment to Lake's defense. Therefore, the Court finds that this factor

does not weigh in Lake's favor.

¶46     In all, Lake has failed to support his burden of proving prejudice under the fourth *Barker*

factor.

## CONCLUSION

¶47    Considering the relevant factual and procedural background of this matter under the *Barker* factors, the Court finds there was no violation of Lake's Sixth Amendment right to speedy trial, and therefore denies Lake's motion to dismiss. Although the over-four-year delay is sufficiently lengthy to trigger a *Barker* analysis, the Court finds that the two parties were equally responsible for the delay. Critically, the longest delay was caused by the Covid-19 pandemic, which is not attributable to any party for purposes of determining unnecessary delay. In addition, there is no indication that the People acted negligently or in bad faith. Lake did assert his right to speedy trial repeatedly, but this factor weighs only slightly in his favor, due to the frequency and amount of his own continuances and delays. Finally, as for the "most important" factor of prejudice to the Defendant, the Court finds that the delay has not prejudiced Defendant.

On balance, the Court finds that the parties were equally responsible for the length of the delay, and, while Lake repeatedly asserted his right to speedy trial, which tilts the analysis slightly in his favor, the lack of prejudice to Defendant and the gravity of the charges at issue in this matter supplant the slight favor for dismissal. Therefore, Lake's motion to dismiss will be denied.

An order commensurate herewith will immediately follow.


DATED:  October  24,  2022                                    _____/s/_____
                                                                              **Kathleen Mackay**
**ATTEST:**                                                          Judge of the Superior Court
**TAMARA CHARLES**                                         of the Virgin Islands
Clerk of the Court


BY:  _____
     for  **LATOYA CAMACHO**
           Court Clerk Supervisor _10_ / _24_ / _2022_