Filed 5/5/23  Nathan v. Mira CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| ERICK NATHAN, | B307440 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC637371) |
| v. | |
| JORGE MIRA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Stuart M. Rice, Judge.  Affirmed.

Erick Nathan, self-represented litigant, for Plaintiff and Appellant.

Law Office of Martin L. Horowitz, Martin L. Horowitz, for Defendant and Respondent.

# I.  INTRODUCTION

Plaintiff Erick Nathan sued defendant Jorge Mira alleging breach of an oral agreement to acquire two commercial properties on behalf of their joint venture.  Following a bench trial, the court granted judgment in favor of defendant.  On appeal, plaintiff contends the court abused its discretion when it denied his request to call an available rebuttal witness and his subsequent request to continue the trial based on the unavailability of two witnesses.  We affirm.

# II.  BACKGROUND

## A.  *The Action*

Plaintiff commenced this action against defendant in October 2016 and filed the operative second amended complaint on August 17, 2017, asserting six causes of action for:  (1) breach of oral contract; (2) fraud; (3) breach of the implied covenant of good faith and fair dealing; (4) tortious breach of the implied covenant of good faith and fair dealing; (5) conversion; and (6) constructive trust.

The action proceeded to a bench trial in December 2019.  Plaintiff's initial trial estimate for his case was two to three days and defendant estimated his case would take one day.  Trial began on December 10, 2019, with the presentation of plaintiff's case[1] and continued on December 11, 12, 17, and 18.  On

---

[1]  Plaintiff called defendant, Yuval Bar-Zemer, and Gina Labellarti to testify on December 10, 2019.  There is, however, no reporter's transcript or suitable substitute, such as a settled or

2

December 18, 2019, the trial court granted defendant's motion for nonsuit under Code of Civil Procedure section 631.8 (section 631.8) as to the second, fourth, and fifth causes of action. Defendant then presented his case on December 18 and 23, 2019.

B.     *Trial Evidence*[2]

Plaintiff was a hardwood flooring contractor and defendant owned a glass glazing company.  Prior to the dispute that gave rise to this action, they shared commercial space located on Imperial Street.

When defendant learned that his lease at the Imperial Steet location was ending, he approached plaintiff about purchasing a property together as equal-share partners.  Because plaintiff could not afford to be an equal-share partner, he proposed to take a 25 percent share in the property.  He drafted a

---

agreed upon statement, of the testimony from that date.  The record does include a reporter's transcript of the remaining trial proceedings.

[2]     In his opening brief, plaintiff does not challenge the sufficiency of the evidence in support of the trial court's factual findings on the formation of and performance under the alleged joint venture agreement.  In his reply brief, plaintiff seems to challenge the court's finding that the parties did not have a meeting of the minds sufficient to form a contract.  We do not, however, consider arguments raised for the first time in a reply brief.  (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.)  Except where necessary for our analysis, we recite the facts as found by the court's statement of decision and supported by the record.  (*Rael v. Davis* (2008) 166 Cal.App.4th 1608, 1617.)

writing that summarized the proposal, but defendant never signed it.

In August 2012, defendant purchased two adjoining commercial properties (the properties) in Los Angeles for $700,000. Defendant had prequalified for a $1,000,000 loan based on his company's financial documentation and tax returns. Defendant also had sufficient available cash for the $5,000 deposit and the $70,000 down payment. And, he paid all of the necessary costs for the loan, including the environmental assessment, appraisal, and escrow fees. The documents for the purchase money mortgage were in defendant's name only, and, at the close of escrow, he took title to the property in his name alone. Defendant therefore maintained that he did not enter into a partnership with plaintiff to purchase the properties. Instead, he leased a portion of the properties to plaintiff.

According to plaintiff, prior to the purchase of the properties, he and defendant entered into an oral agreement to acquire the properties and grant plaintiff a 25 percent ownership interest. Plaintiff did not take title to the properties or participate in the escrow because he "had a federal tax lien against [his] name, and if [he would have been] on title, the IRS would have liened the propert[ies]."

Plaintiff claimed, within three months of moving into the properties, his ownership interest in the partnership changed after he discovered that he was "utilizing" only 13 percent of the properties. He therefore told defendant that his ownership interest, and corresponding responsibilities toward the partnership, would be reduced from 25 to 13 percent. Defendant agreed. But no writing reflecting that change was prepared or signed.

As evidence of his ownership interest in the properties, plaintiff claimed that he made a $20,000 monetary contribution to the down payment on the properties in the form of a payment made by a third-party—LC 2121 LLC (LC 2121)—to defendant's company—Altered Glass—on July 12, 2012.[3] Plaintiff also paid the seller of the properties $5,000 above the selling price in order "to make the deal continue."

Plaintiff called Bar-Zemer, the owner of LC 2121,[4] to corroborate his $20,000 contribution to the venture. Bar-Zemer testified that he hired both plaintiff and defendant to work on a construction project and that, at plaintiff's request, he sent $20,000 that he owed to plaintiff directly to defendant's company, Altered Glass.[5] But there was no documentation, such as invoices for work performed, IRS 1099 forms, or lien releases, to corroborate the nature and purpose of the transaction.

Defendant assumed the $20,000 check from Bar-Zemer was for work Altered Glass performed on behalf of LC 2121. Therefore he did not place the $20,000 directly into the escrow for

---

[3]     A copy of the check was introduced as an exhibit at trial but it is not included in the record on appeal.

[4]     As noted, there is no reporter's transcript or suitable substitute of Bar-Zemer's direct testimony and a portion of his cross-examination. Our recitation of the trial evidence therefore includes only the latter part of his cross-examination that was transcribed.

[5]     Plaintiff testified that LC 2121 owed him $20,000 for flooring work his company performed and he asked Bar-Zemer to send that amount directly to Altered Glass to expedite his contribution into the purchase escrow for the properties.

the properties, but instead deposited that sum in his corporate account and paid taxes on it.

The parties agreed that when defendant decided to sell the properties in 2014, he offered plaintiff $75,000. Plaintiff claimed it was for his joint venture interest in the properties, but defendant explained that it was offered as an incentive payment to ensure that plaintiff would timely vacate the premises at close of escrow. Plaintiff rejected the offer and moved from the properties, at which point defendant lost track of his whereabouts. Defendant sold the properties that year for $1.5 million.

C.    *Request to Call Rebuttal Witness and for Continuance*

When defendant rested on the afternoon of December 23, 2019, plaintiff requested leave to call a rebuttal witness, Lino Nadora, who, according to plaintiff's counsel, was the current accountant for LC 2121. As an offer of proof, counsel stated that although the witness did not work at LC 2121 in 2011 or 2012, he could provide evidence of "the payments made on [LC 2121's] contract [with defendant] in addition to the extra $20,000." Defense counsel objected on the grounds that the proffered testimony was not proper rebuttal.

The trial court overruled the objection, stating, "it seems to me that it is rebuttal; not sure it's—the extent of its probative value, which is something you gentlemen would both have to address, but I'm not going to let him testify until [defense counsel] has a chance to review the documents [Nadora] has with him. [¶] It's a surprise witness. It's a rebuttal of records that are defendant's records." The court then stated it would recess

and return "to deal with this testimony." When the court explained that it was available for the remainder of the week, plaintiff's counsel volunteered, "I'm available on the 27th." Although defendant's counsel initially stated that he was unavailable on December 27, he eventually agreed to appear on that date.

After the trial court scheduled the trial to continue on December 27, 2019, at 10:00 a.m., plaintiff's counsel stated, "Your Honor, I just want to double check with my witness on the 27th as well." The court responded, "Well, if he is not here, he is not testifying." Counsel replied, "I understand."

At the beginning of the proceedings on December 27, 2019, the trial court noted that plaintiff's counsel had called the clerk and requested a continuance due to the unavailability of Nadora to testify that day. When defense counsel objected, the court and counsel engaged in an exchange during which plaintiff's counsel confirmed that both Nadora and Bar-Zemer could be available after January 7, 2020, to testify about the documentation for LC 2121's $20,000 payment.

The trial court then ruled as follows: "This trial has greatly exceeded its time estimate, and although there is an argument to be made that this is a rebuttal witness, frankly, one of the essential components of plaintiff's case is . . . that [plaintiff] paid [$20,000] towards the down payment on the property. Without that . . . payment, at most what you have is [$]5,000 handed to the seller so that he wouldn't get angry and walk away from the deal. [¶] So it is certainly an essential component of plaintiff's case, and plaintiff has put on the testimony of both the plaintiff and Mr. Bar-Zemer as to what that $20,000 check was, even though it was made out to the defendant. *There was no written*

7

*record to go along with it, but that [$]20,000 was plaintiff's money sent to defendant on his behalf.  That is the state of the record.*  [¶] And so—we're here on a trial that should have been over quite a while ago, and we're going to finish it up today briefly, and the fact that the witness isn't here makes my decision easier.  I'm concluding testimony this morning, so in the absence of Mr. Nadora or Mr. Bar-Zemer here to attempt to put on rebuttal testimony, the plaintiff is denied that opportunity.  I'm not continuing the trial.  The trial is going to end right now if there are no further rebuttal witnesses."  (Emphasis added.)  The court asked plaintiff's counsel whether he had "any other rebuttal witnesses" and counsel responded, "No, Your Honor."

On July 9, 2020, the trial court issued its statement of decision.  The court found that "[p]laintiff ha[d] failed to satisfy his burden of proof that he entered into a joint venture agreement because he ha[d] not proven by a preponderance of the evidence that there was a meeting of the minds with respect to the material terms of a contract."  (Emphasis omitted.)  Alternatively, the court found that even if plaintiff had established the existence of an oral agreement, he could not overcome the statute of frauds defense because he failed to show that he had fully performed under that alleged agreement.

The trial court also addressed plaintiff's factual contention that he had contributed $20,000 toward the purchase price by directing Bar-Zemer to pay $20,000 that he owed plaintiff to defendant.  It found the testimony on this issue to be "convoluted" but continued, "even if defendant was given the $20,000 check from LC 2021 on plaintiff's behalf, this was not adequately communicated to defendant."  The court therefore ruled that defendant was entitled to judgment on the three remaining

8

causes of action for breach of oral agreement, breach of the implied covenant, and constructive trust.

On September 4, 2020, plaintiff timely filed his notice of appeal.

## III.  DISCUSSION

### A.  *Denial of Rebuttal Witness*

Plaintiff contends that the trial court erred by denying his request to call Nadora as a rebuttal witness.  The record, however, belies plaintiff's factual contention.  As explained, the court overruled defendant's objection to Nadora's testimony and allowed plaintiff an opportunity to present him as a rebuttal witness on December 27, 2019, a date specifically set by agreement for that purpose and the conclusion of the trial.  As plaintiff seems to concede, he was only unable to call Nadora as a witness because the court declined to further continue the trial to accommodate Nadora's schedule.  We therefore reject as meritless plaintiff's initial contention that the court erred by refusing to allow plaintiff to present a rebuttal witness.

### B.  *Denial of Motion to Continue*

Plaintiff next contends that the trial court abused its discretion when it denied his oral request on December 27, 2019, to continue the trial proceedings to allow him to call Nadora or Bar-Zemer.  According to plaintiff, it was unreasonable for the court not to grant a short continuance to allow his witnesses to

testify and provide documentary evidence concerning the purpose of the $20,000 payment.

Whether we characterize the trial court's ruling as an exercise of its authority to place time limits on trial proceedings or as the denial of a request for a continuance, we review that ruling for an abuse of discretion. (*California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 22 [placement of time limits]; *Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468 [denial of request for continuance].)

The trial court here did not abuse its discretion by refusing plaintiff's request to continue trial, that is, to go dark from December 27, 2019, until January 7, 2020. At the time the court initially continued trial proceedings from December 23, 2019, to December 27, 2019, to accommodate plaintiff's request for rebuttal testimony, plaintiff's counsel had agreed to that date after being given time to consider alternative dates. By that point, trial had well exceeded the initial three to four day time estimate. Moreover, in making his request for a continuance, plaintiff cited the unavailability of Nadora and Bar-Zemer on December 27 as good cause, but he provided no explanation for why he had not introduced the proffered documents during Bar-Zemer's testimony or why he had not served Nadora with a subpoena to appear at trial.[6] The court therefore did not abuse

---

[6] When the trial court twice asked counsel whether he had issued a subpoena for the records that he sought to introduce, counsel stated, "No, I didn't—Well, I don't know if my subpoena included that, to be honest with you. I would have to take a look."

10

its discretion by denying plaintiff's request to continue trial until January 7, 2020. (See e.g., *Jensen v. Superior Court* (2008) 160 Cal.App.4th 266, 271 ["When a witness is not under subpoena, his or her absence generally does not constitute good cause for the continuance of a trial"].)

Even if we were to conclude that the trial court abused its discretion by refusing to continue trial proceedings on December 27, 2019, plaintiff has failed to show that he suffered prejudice as a result of that ruling. In support of its decision on the three remaining contract-based causes of action, the court found that plaintiff failed to prove a meeting of the minds on a material term of the alleged oral agreement. Neither Nadora nor Bar-Zemer could have provided information about the communications between the parties in 2012 concerning formation. Therefore, the court's finding regarding the lack of a meeting of the minds would be sufficient to uphold the judgment, regardless of whether plaintiff showed an abuse of discretion concerning rebuttal testimony on an issue relating to performance under the agreement. Further, Nadora and Bar-Zemer would have, at best, provided additional testimony that the $20,000 payment that Bar-Zemer sent to defendant was for services performed by plaintiff, not defendant. But the court already assumed that the $20,000 payment from Bar-Zemer belonged to plaintiff and nonetheless found that the actual origin and purpose of the payment had not been communicated to

---

And when asked directly by the court, "Well, how is it that [Nadora] is here today?", counsel responded, "He's a . . . rebuttal witness to what [defendant] was testifying to that that $20,000 was for compensation." There is no subpoena included in the record on appeal.

11

defendant.  Thus, plaintiff failed to demonstrate that the proffered evidence would have resulted in a finding in his favor on either the formation or performance issues.

## IV.  DISPOSITION

The judgment is affirmed.  Defendant is entitled to recover costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



BAKER, Acting P. J.



MOOR, J.