Filed 3/4/24  Walla v. Olive View UCLA Medical Center CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ANDREW WALLA,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>OLIVE VIEW UCLA MEDICAL CENTER et al.,<br><br>        Defendants and Respondents. | B326588<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV27345) |

APPEAL from judgment and order of the Superior Court of Los Angeles County.  Jill T. Feeney, Judge.  Affirmed.

Lipeles Law Group, Kevin A. Lipeles, Thomas Schelly, and Jasmine J. Badawi for Plaintiff and Appellant.

Pollak, Vida, & Barer, Daniel P. Barer, Anna L. Birenbaum; Reback, McAndrews & Blessey, and Robert C. Reback for Defendants and Respondents.

————————————————

Andrew Walla appeals from the trial court's order continuing the trial date to allow the County of Los Angeles, erroneously sued as Olive View UCLA Medical Center, to file a motion for summary judgment. However, the record on appeal does not include the trial court's order or any moving papers related to both the trial continuance and summary judgment motion. We affirm because we have no basis for meaningful appellate review.

### FACTUAL AND PROCEDURAL BACKGROUND

The record in this case is incomplete. Therefore, we have no basis to understand the underlying facts and procedural history in this case. Nonetheless, we set out some facts in the record and some assertions Walla makes in his briefs to provide some factual context.

On August 11, 2021, Walla filed a third amended complaint against Olive View UCLA Medical Center, the County of Los Angeles (the County), and other defendants for negligence, negligent infliction of emotional distress, and medical negligence. Walla alleged that he sustained injuries after medical staff assaulted him when he was placed on a voluntary 72-hour hold. On March 7, 2022, the County filed an answer to the third amended complaint. The County stated it was erroneously sued as Olive View UCLA Medical Center and asserted affirmative defenses.

According to Walla's opening brief, on September 30, 2022, the County filed a motion for summary judgment with a January 3, 2023 hearing date, two months after the scheduled trial date. The same brief asserts that the County applied ex parte to continue the trial date so that its motion for summary judgment could be timely heard. According to Walla's brief,

Walla opposed the ex parte application. We cannot ascertain whether Walla correctly recites the facts as these purported facts are not in the record.

According to Walla's brief, over Walla's objection, the trial court granted the County's application to continue the trial date to March 2, 2023. Similarly, Walla's brief states that at the October 14, 2022 hearing on the ex parte application, the trial court also ordered that all fact discovery and motion cut off dates remain with the original trial date. As above, these facts are not in the record either.

On January 3, 2023, the trial court granted the County's motion for summary judgment. On February 10, 2023, the trial court entered judgment in favor of the County.

On February 14, 2023, Walla appealed.

Walla filed an appellant's appendix in lieu of a clerk's transcript. The appendix contains Walla's third amended complaint, the County's answer, the notice of entry of judgment, and clerk's notice of filing of notice of appeal. He also designated a reporter's transcript from the summary judgment hearing.

On June 29, 2023, Lipeles Law Group filed a motion to be relieved as Walla's counsel. On July 18, 2023, we issued an order granting Lipeles Law Group's motion to be relieved as counsel and set a new deadline for Walla's reply brief to be due September 1, 2023. Walla did not file a reply brief.

On September 11, 2023, the County filed a motion for sanctions against Walla for at least $5,435. The County argues that Walla should be subject to sanctions because he pursued a frivolous appeal and filed an inadequate record.

**DISCUSSION**

**I.  The deficient record precludes meaningful review**

Walla contends that the trial court abused its discretion because it granted the County's request for a trial continuance when the County failed to demonstrate good cause.  Walla further contends that the trial court erred in granting summary judgment because the County's motion was untimely under the original trial date.

We review the trial continuance ruling for abuse of discretion.  (*Jensen v. Superior Court* (2008) 160 Cal.App.4th 266, 271.)  "Although continuances of trials are disfavored, each request for a continuance must be considered on its own merits. The court may grant a continuance only on an affirmative showing of good cause requiring the continuance."  (Cal. Rules of Court, rule 3.1332(c); see *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1127, disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8.)  "The decision to grant or deny a continuance is committed to the sound discretion of the trial court.  [Citation.] . . . A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record."  (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.)

A judgment or order from a trial court is presumed correct on appeal.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  An appellant must affirmatively prove error.  (*Ibid.*)  Further, an appellant carries the burden of providing an adequate record to the appellate court.  (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1227 (*Rhule*).)  As a result, " ' "if the record is inadequate for meaningful review, the appellant defaults and the

4

decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Here, the record is fatally incomplete because it does not even include the ex parte application to continue the trial date, Walla's opposition, or the trial court's order granting the trial continuance. Nor does the record contain the County's summary judgment motion, Walla's opposition, or the trial court's order granting summary judgment in the County's favor. Further, there is no designated reporter's transcript from the hearing regarding the trial continuance. While there is a reporter's transcript for the summary judgment hearing, no argument took place and Walla's counsel submitted on the trial court's tentative ruling. The transcript does not contain the tentative ruling or any other discussion of the reasoning behind the ruling. We therefore cannot discern why the trial court granted the County's request for a trial continuance. (*Rhule*, *supra*, 8 Cal.App.5th at p. 1227.)

In summary, Walla did not provide this court with the correct moving papers or the orders challenged on appeal. The record is deficient and frustrates any attempt at review. (See *Rhule*, *supra*, 8 Cal.App.5th at 1227.) Consequently, the appeal fails. (*Ibid*.)

## II.    **We decline to impose monetary sanctions on appeal**

The County seeks sanctions against Walla, not Walla's counsel, for filing a frivolous appeal due to an inadequate record. Further, the County argues that Walla violated the rules of court by filing an inadequate appellant's appendix and failing to sufficiently cite to the record in his opening brief. We decline to impose monetary sanctions under the circumstances.

"Whether to impose appellate sanctions is a matter within our discretion." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.) Under the Code of Civil Procedure section 907 and California Rules of Court, rule 8.276(a)(1), we may award sanctions when an appeal is "frivolous or taken solely for delay." (Code Civ. Proc., § 907.) An appeal is frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Id.* at p. 649.) "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Id.* at p. 650.)

On this record, we decline to sanction Walla as the record is insufficient to conclude that the appeal was taken solely to cause delay or to harass the County. Thus, we cannot conclude that there was any improper motive.

The County further argues the appeal indisputably lacks merit due to the inadequate record and insufficient record citations in Walla's opening brief. The County's reliance on *Kurokawa v. Blum* (1988) 199 Cal.App.3d 976 is misplaced. There, Division Two of this district exercised its discretion to impose sanctions on plaintiff's attorney for asserting "little, if any, evidence or legal support for any of [plaintiff's] causes of action." (*Id.* at p. 996.) Here, Walla's attorneys filed an inadequate record. Yet, the County only seeks sanctions against

Walla.  Given that Walla was represented by counsel at the time he filed his opening brief, we cannot conclude that Walla, rather than his attorneys, was responsible for the defects in appellant's opening brief or in designating the record.  (Cf. *ibid.*)

An "essential corollary" to our power to punish attorneys and parties for prosecuting frivolous appeals is it "should be used most sparingly to deter only the most egregious conduct."  (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at pp. 650–651.)  Under the circumstances before us, we deny the County's request for sanctions.

## DISPOSITION

The judgment and order are affirmed.  The County is awarded costs on appeal.


VIRAMONTES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.


7