Filed 4/29/25  P. v. Ramirez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G063907 |
| v. | (Super. Ct. No. SWF2100695) |
| ROBERTO ANDRES RAMIREZ, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a prejudgment order of the Superior Court of Riverside County, Jeffrey M. Zimel, Judge. Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Respondent.

Michael A. Hestrin, Riverside County District Attorney, Janinda Gunawardene, Deputy District Attorney, for Plaintiff and Appellant.

After Respondent Roberto Andres Ramirez was charged with robbery, he filed a written motion pursuant to Penal Code section 1381[1], which allows a defendant who is currently imprisoned to request a speedy trial on a newly charged offense within 90 days of providing notice to the prosecution. After filing the section 1381 motion, Ramirez was absent from court on two separate occasions. Ramirez subsequently moved to dismiss the robbery charge on the ground the prosecution did not comply with its duty under section 1381 to transport him to trial within 90 days. The trial court granted the motion to dismiss.

Appellant Riverside County District Attorney seeks reversal, arguing Ramirez is not entitled to have the charges dismissed because any delay was due to his purposeful refusal to be transported for trial. We conclude the trial court did not abuse its discretion and therefore affirm the prejudgment order granting Ramirez's motion to dismiss.

PROCEDURAL HISTORY

In May 2021, Ramirez was charged with one count of robbery (§ 211). The complaint also alleged Ramirez had suffered a prior strike (§§ 667, subds. (c), (e)(1), 1170.12 (c)(1)).

On May 30, 2023, while incarcerated in state prison on other charges, Ramirez filed a demand for trial on the robbery charge pursuant to section 1381. On June 14, the District Attorney requested a court order directing the superintendent of Pleasant Valley State Prison to deliver Ramirez to the Riverside County Sheriff's Office for transport to Riverside County Superior Court for trial.

---

[1] All further statutory references are to the Penal Code.

2

On July 18, a prosecutor and public defender (appearing as a friend of the court), reported Ramirez had not been transported to court for trial.  The trial court read into the record an email it had received from the District Attorney's Office, which stated, "'Per Deputy Lopez, [Robert Presley Detention Center] Transportation Unit, they went to pick [up] the inmate yesterday and he refused to leave his cell. He will not be transported for today's hearing.'" The court declined to accept the email as evidence or find a waiver of Ramirez's right to speedy trial. The matter was continued to August 7.

On August 7, Ramirez was not present in court. The prosecution alleged Ramirez had again refused to come out of his cell to be transported to court. Defense counsel objected on the ground there was no evidence aside from the prosecution's hearsay allegation to establish Ramirez refused to leave his cell. The trial court continued the hearing.

On December 8, Ramirez filed a motion to dismiss the robbery charge on the ground the prosecution had failed to transport him to court for hearing on the charges within 90 days, pursuant to section 1381.

On December 22, during the section 1381 hearing, the prosecution argued it should be denied because Ramirez had waived his rights under section 1381 by refusing to come out of his cell. The prosecutor argued that, because Ramirez had allegedly refused to be transported, he was "no longer demanding a trial." Defense counsel objected that the prosecution had only offered inadmissible hearsay regarding Ramirez's alleged refusal to come to court. Defense counsel argued Ramirez was entitled to cross-examine the deputy charged with transporting Ramirez.

The trial court granted Ramirez's section 1381 motion as follows: "[A]fter the [district attorney] received the [section] 1381 demand on May

30th, under [section] 1381 they had 90 days to bring the defendant here to court, and that would have been the end of August. And whether or not the defendant refused on August 9th, I have no information of any other efforts made to bring him here. [¶] . . . I don't really believe that I have enough information to find that as a valid basis to deny the [section] 1381 [motion]. So that is going to be granted. The case is dismissed, [pursuant to section] 1381."

## DISCUSSION

### I.

### THE TRIAL COURT DID NOT ERR IN DISMISSING THE ACTION

*A. Legal Standard*

Section 1381 requires a trial or a grant of continuance within 90 days of the district attorney's receipt of a defendant's demand for trial where the defendant is already incarcerated on a previous charge. If the 90 day period is exceeded without either the commencement of trial or a continuance, the court in which the case is pending is required to dismiss the charges, on motion of either party, or on its own motion. (*Ibid.*; see *People v. Wagner* (2009) 45 Cal.4th 1039, 1051, fn. 6.) The "statutory speedy trial provisions," which include section 1381, are "'supplementary to and a construction of' the state constitutional speedy trial guarantee." (*People v. Martinez* (2000) 22 Cal.4th 750, 766.)

A dismissal under section 1381 does not bar another prosecution for a felony offense, nor does it act as res judicata of the issues or constitute prior jeopardy. (*Id.*, subd. (a); see *People v. Williams* (1969) 71 Cal.2d 614, 622–623.)

4

An appellate court reviews the trial court's determination of a statutory speedy trial case for abuse of discretion. (*People v. Shane* (2004) 115 Cal.App.4th 196, 203.)

*B. Analysis*

Under section 1381, the court "shall . . . dismiss the action" if the prosecution fails to "bring the defendant to trial or for sentencing within 90 days" after receipt of the defendant's motion. Thus, the trial court was required to grant Ramirez's motion to dismiss the charges unless the prosecution could prove good cause for the delay. (See *People v. Manina* (1975) 45 Cal.App.3d 896, 900 (*Manina*).) Good cause may be established where the defendant's own actions cause the delay. (*Ibid.*) Section 1381's provision that the defendant "'desire[s] to be brought to trial'" requires him to "reasonably cooperate with, and not obstruct, the prosecutor's efforts to bring on the trial within the statutory period." (*Manina* at p. 900.) In *Manina*, the court concluded the prosecution had established good cause because the delay in bringing the defendant to trial was "reasonably attributable" to his "real, or feigned, suicide attempt in the county jail." (*Id.* at pp. 900–901.)

Here, the trial court's determination that the prosecution failed to meet its burden to establish good cause for the delay was supported by substantial evidence. The court correctly determined the prosecution failed to offer any evidence to establish Ramirez actually refused to be transported to court other than inadmissible hearsay. The prosecution could have sought to have Deputy Lopez or someone else with direct knowledge testify in court that Ramirez refused to come out of his cell. Because the prosecution did not do so, it failed to meet its burden of proof to demonstrate good cause for the delay.

We therefore conclude the trial court did not abuse its discretion in granting Ramirez's motion to dismiss pursuant to section 1381.

## DISPOSITION

The trial court's prejudgment order granting Ramirez's motion to dismiss pursuant to section 1381 is affirmed.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P.J.


SCOTT, J.